770     THE STATE v. O'CONNOR.

S. Dept.     Opinion.    Schoonover, J.     6 Kan. App.

## THE STATE OF KANSAS v. BARNEY O'CONNOR.

### No. 736.

1. CONTINUANCE IN CRIMINAL ACTION — *by consent, defendant not entitled to discharge.* Where a person under indictment or information for an offense and held to answer on bail consents to a continuance, he is not entitled to be discharged under paragraph 5289, General Statutes of 1889.

2. NEW TRIAL — *before granting, court must doubt whether substantial rights of party have not been affected.* The misconduct of the court or jury should be such as to raise a doubt in the mind of the court as to whether the substantial rights of the parties may not have been affected, before a new trial should be granted or the case case reversed.

Appeal from Sumner District Court. Hon. J. A. Burnette, Judge. Opinion filed November 16, 1897. *Affirmed.*

*Ivan D. Rogers*, County Attorney, and *J. T. Herrick*, for the State.

*O. G. Eckstein*, for appellant.

SCHOONOVER, J. On the twelfth day of July, 1895, the defendant was charged, and on the twenty-eighth day of September, 1895, convicted, of keeping and maintaining a common nuisance. He appealed to this court. The judgment of the District Court was affirmed and the defendant committed to jail. On the twenty-sixth day of April, 1896, he was released from jail upon making a note properly secured, in favor of J. D. Simmons, clerk of the District Court of Sumner County, Kansas, in the sum of $268.75, being the costs of the action affirmed in this court. After he was arrested, and while the case was pending in the District Court and on appeal in this court, the defendant was, on November 5, 1895, again arrested, charged with the illegal sale of liquor; and he was

THE STATE v. O'CONNOR.                771

Nov. 16, 1897.        Opinion. Schoonover, J.        C. Div.

further charged in a separate count with keeping and
maintaining a common nuisance. He gave bond for
his appearance at the January term, 1896, of the Dis-
trict Court of Sumner County.

The case was continued by consent at the January
term, for the reason that the case on the former con-
viction was pending in the Court of Appeals. The
regular May and September terms of the Sumner Dis-
trict Court for the year 1896, passed, and the defend-
ant was not tried. The note given for costs in the
first case became due in October, 1896. The defend-
ant refused to pay the note and an alias warrant was
issued, and, on the twenty-seventh day of November,
1896, the defendant was arrested and gave bond for
his appearance at the January term, 1897. At this
time the defendant moved for his discharge for the
following reason :

"That more than two terms had elapsed and also
that more than three terms had elapsed since the
term at which he was bound to appear, and he had
not been tried or his case called for trial."

The contention of the defendant cannot be upheld
under the circumstances in this case. The trial was
continued at the January term, 1896, by consent; on
the twenty-sixth day of April, 1896, the defendant
was released from jail upon giving the note before
referred to, at which time it was agreed between the
county attorney and the defendant that if the note
and the costs in this case were paid when the note
became due, this case would be dismissed.

The note became due in October, 1896, after two
regular terms of the District Court of Sumner County
had passed. The defendant, by his acts, consented
that this case be passed over two regular terms, and
he cannot now be discharged for the reasons assigned
in his motion.

772

THE STATE v. O'CONNOR.

S. Dept.          Opinion.  Schoonover, J.          6 Kan. App.

Paragraph 5289 of the General Statutes of 1889 provides :

"If any person, under indictment or information for any offense, and held to answer on bail, shall not be brought to trial before the end of the third term of the court in which the cause is pending which shall be held after such indictment found or information filed, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happen on his application or be occasioned by the want of time to try such cause at such third term."

Our Supreme Court, in *In re Edwards* (35 Kan. 104), discussing this paragraph of our statute, says :

"In several states, as above referred to, statutes similar to ours operate merely to set the prisoner at liberty ; but our statute provides, in effect, an acquittal, if the defendant is not brought to trial within the time therein prescribed. Therefore there is good reason for holding that a prisoner ought not to be entitled to his discharge unless he brings himself within the spirit of the statute. The section quoted was designed to shield the innocent from oppression, but not to enable the guilty to escape. *Steward v. State*, 13 Ark. 720. In *Clark v. Commonwealth* (29 Pa. St. 129), it was decided, concerning a similar statute, that 'it was made to restrain the malice and oppression of prosecutors, and to relieve wrongful imprisonment ; not to embarrass the administration of criminal law ; not to relieve righteous imprisonment and to defeat public justice.' In *Steward v. State*, supra, the court construed a similar statute to mean that the prisoner was entitled to his discharge only where the delay of the state in bringing him to trial was for want of evidence ; and that within the spirit of the law, the prisoner, to be entitled to his discharge for want of prosecution, must place himself on the record in the attitude of demanding a trial, or at least of resisting postponement."

The defendant has not brought himself within the spirit of the law. He consented to a continuance at

THE STATE v. O'CONNOR.      773

Nov. 16, 1897.      Opinion.  Schoonover, J.      C. Div.

the January term for the reason that another case was pending in the Court of Appeals ; and by the giving of his note, and from the testimony of the county attorney, it is clear that he consented that these cases be passed over the regular May and September terms of the District Court of Sumner County.   He at no time announced himself ready for trial.   He never appealed to the court for a trial or for his discharge.

In the case of *Erwin v. The State* (29 Ohio St. 186), the syllabus reads as follows :

"Where an application is made for a discharge, under section 162 of the criminal code (66 Ohio L. 311), at any term of the court, on the ground that the defendant, who had given bail for his appearance, was not brought to trial before the end of the third term after the indictment was found, such application should be refused if at such term the state is ready for trial, although the cause cannot be tried for want of time at such term."

In other words, under a statute providing that a person under indictment, who has given bail for his appearance, shall be discharged if not brought to trial before the end of the third term of the court in which the indictment is pending, unless the trial is postponed on his application or because there is no time to try it at such third term, the respondent is not entitled to be discharged where the trial is postponed from term to term without any objection on his part, although more than three terms pass without a trial. In order to get the benefit of the statute, the respondent must apply to the court for a trial or his discharge, and if the prosecution are ready to try the case at the term in which he applied for his discharge, but are prevented from trying it because there is not time to try it at that term of court, the respondent is not entitled to be discharged.

It is contended by counsel for defendant that under our statute the defendant must be discharged " unless the delay happened on his application." It is further contended that the word " application," as used in the foregoing section, means an application to the court. We cannot assent to this construction. Where the defendant consents to a continuance, it must be construed to be upon his application. The validity of the note is not considered, and the practice of confirming cases as disclosed by the facts in this case is not approved. But the defendant is in no position to complain ; by his own acts he is estopped from invoking the statute in his behalf.

It is contended that there was " irregularity and misconduct of the court." The evidence of just what occurred is contained in the record, and is fairly stated by counsel for plaintiff in the following language.

" Judge Burnette went to the jury room and asked the jury if there was a prospect of an agreement, and the foreman replied : ' Wait a few minutes and we will need you pretty soon.' The judge went to the court room, and in a few minutes the bailiff informed him that the jury wanted to see him. The judge went to the jury room, and the foreman stated that they had all agreed upon the eighth, or nuisance, count and disagreed on the other two, and wanted to know if they could return a verdict of that sort. The judge replied that they could not, but if they returned a verdict of guilty upon one count and were silent on the other counts, that was equivalent to a finding of not guilty ; and he told the jury that if they had agreed upon a verdict, to come to the jury box and he would tell them whether or not the verdict would be received. In a few minutes the jury came into the jury box and submitted a verdict, which was received and the jury discharged. The defendant was present and requested that the jury be polled, and each juror was asked if the verdict which had been read was his

verdict and if he still agreed to it. The defendant did not object to the verdict. The uncontradicted evidence is that the jury had agreed upon the verdict which was returned, before the judge went to the jury room."

The irregularity is not sufficient to require a reversal of this case. The misconduct of the court or jury should be such as to raise a doubt in the mind of the court as to whether the substantial rights of the parties may not have been affected, before a new trial should be granted or a case reversed.

The judgment of the District Court is affirmed.