## STATE OF NORTH DAKOTA v. WILLIAM H. FLEMING.

(126 N. W. 565.)

**Criminal Law — County Courts with Increased Jurisdiction — Practice.**

1. Statutes and rules of practice pertaining to district courts in this state apply to proceedings in county courts with increased jurisdiction, under § 8289, Rev. Codes 1905.

**Criminal Law — "Term of Court" — Information — Time of Filing.**

2. A term of court within § 9791, Rev. Codes 1905, means a term of court actually held, and not one that may be held; and a criminal action should not be dismissed for failure to file an information at a term of court at which a defendant cannot be regularly tried by a jury.

**Criminal Law — Arraignment of Accused — Discharge of Prisoner.**

3. It is not error to refuse to dismiss a criminal action by reason of failure to arraign a defendant under § 9871, Rev. Codes 1905, where the arraignment is not made at the next term of the court after the information is filed, as that section does not prescribe that the arraignment must be made at said term.

**Criminal Law — Time for Trial — "Awaiting Trial."**

4. Under chapter 68, Laws 1907, pertaining to calling juries in county courts with increased jurisdiction, a jury is not necessarily to be summoned unless

Note.—Failure promptly to bring to trial prisoner out on bail, see Meadowcroft v. People, 35 L.R.A. 176.

there is a criminal case "awaiting trial," and a case is not "awaiting trial" where the return of the justice on the preliminary examination only is filed. and the defendant is not in jail but at large on bail.

**Criminal Law — "Next Term of Court" — Discharge of Accused.**

5. It is not error to refuse to dismiss a prosecution under § 10307, Rev. Codes 1905, where the next term of court mentioned in that section is one at which the defendant could not have been regularly tried.

**County Court — Criminal Law — Time for Trial.**

6. Section 8300, Rev. Codes 1905, is expressly applicable to the dismissal of prosecutions in county courts with increased jurisdiction, for failure to prosecute the action in cases where the defendants are not confined in jail, but are only under bonds to appear at the county court.

**Criminal Law — Dismissal when Defendant Has Bail — Question Not Decided.**

7. Whether a criminal action should be dismissed where a defendant is at liberty under a bond for his appearance, by reason of failure to prosecute the action as provided by statute unless a trial is demanded, not decided.

**Criminal Law — Remarks of State's Attorney — Harmless Error.**

8. It is not prejudicial misconduct on the part of a state's attorney to state, in reference to an objection by defendant's attorney to a question asked him on his cross-examination at the trial, "counsel was a little slow in coming to the assistance of the witness," especially in view of a prompt caution from the court to the jury to disregard the remark.

**Criminal Law — Jury Sole Judge of Facts — Instructions — Failure to Request.**

9. The failure to instruct the jury in express terms that they are the sole judges of questions of fact, if ever prejudicial error, is not so where the charge in substance so states, and there is no request for a specific instruction on that point.

**Fines — Imprisonment for Nonpayment of Fines and Costs.**

10. A person convicted of assault and battery, and sentenced to pay a fine and costs which are taxed, and not paid, may be imprisoned as provided by § 10104, Rev. Codes 1905, for the nonpayment of the costs as well as the fine.

Opinion filed May 5, 1910.

Appeal from Bottineau County Court; *Kirk*, J.

William H. Fleming was convicted of assault and battery, and he appeals.

Affirmed.

*Noble, Blood, & Adamson,* for appellant.

*J. J. Weeks,* State's Attorney, for the State.

MORGAN, Ch. J. The defendant was convicted of the crime of assault and battery in the county court of Bottineau county. He appeals to this court, and assigns as error: (1) The overruling of motions for a dismissal of the prosecution; (2) misconduct of the prosecuting attorney during the course of the trial; (3) failure of the trial court to instruct the jury that they were the sole judges of all questions of fact; (4) the rendition of a judgment wherein the defendant was adjudged to be imprisoned in default of the payment of the costs of the prosecution.

To a proper understanding of the motions to dismiss the prosecution for the failure of the state to bring the case to trial, the following admitted facts are material: On March 30, 1908, the defendant gave an undertaking for his appearance at the next term of the county court, to which he had been held on the charge of assault and battery, after a preliminary examination before a justice of the peace. On April 6th, the return of the justice was filed in the office of the clerk of the county court. On the 7th day of April, to which day the February term of said court had been adjourned, that term of court was adjourned sine die. After April 7, 1908, no further proceedings were had in the case until August 1, 1908, when an information against the defendant was filed in the office of the clerk of the county court, charging him with the commission of said offense. The June, 1908, term had been regularly adjourned until August 1, 1908. Hence the information was filed as of the June term. The defendant was not arraigned under said information until the 9th day of June, 1909, when he pleaded not guilty. After a trial before a jury he was found guilty and sentenced to be imprisoned for twenty days in the county jail, and to pay a fine of $100, besides the costs, taxed at the sum of $50; and in default of payment of such fine and costs, he was ordered imprisoned for the further period of seventy-five days.

Before pleading to the information, the defendant made a motion to dismiss the prosecution for the failure of the state to call the defendant for arraignment from the 1st day of August, 1908, until the 9th day of June, 1909. In this motion it was alleged that, since the time said information was filed, ten terms of court had passed at any of which said defendant might have been called for arraignment and plea, and that three of said terms were jury terms at which a jury should

have been called and the defendant placed upon trial. Subsequently, and on the 11th day of June, the defendant filed a supplemental motion to dismiss the prosecution on the alleged ground that more than three terms had passed since the information was filed in the county court. Both motions were denied, and exceptions saved by the defendant.

It is admitted that no jury was called between March 30th, the time of filing the return of the justice, and June, 1909, at which term the defendant was tried. Two questions are raised by these motions: (1) The failure to file an information and the failure to have the defendant arraigned at the next term after the filing of the return of the justice of the peace in the office of the clerk of the county court; (2) the failure to bring the defendant to trial before the close of the third term after giving a bond for his appearance in the county court.

Before considering these questions, we will say that under § 8289, Rev. Codes 1905, the statutory provisions applicable to civil and criminal proceedings in the district courts also relate to county courts having increased jurisdiction, and all rules of practice applicable in the district court are in force in said county courts, unless otherwise provided by law. Prior to the 1907 amendment referring to county courts, the law providing for terms of court in county courts with increased jurisdiction on the first Tuesday of each month provided for trials by jury when demanded by criminal cases, and civil cases involving more than $50. Under chapter 68, Laws 1907, it is provided that terms of the county court held in the months of February, June, and December shall be jury terms, provided there be a criminal case "awaiting trial," or at least five civil cases involving issues of fact triable by a jury. Under said amendment a jury is not necessarily to be summoned unless a jury case is ready for or awaiting trial. We do not think that a case is awaiting trial when the accused has only been bound over and is not confined in jail, but at large under a bond for his appearance. It therefore appears that no term of court was held in said county at which defendant could have been tried from the time that he was bound over until June, 1909, when he was tried. In other words, the mere fact, that the statute provided for holding of a term of said court each month does not constitute a term of court within the meaning of this chapter.

In reference to the motion to dismiss the prosecution for the alleged

reason that no information was filed until August 1, 1908 (being the adjourned June term), although the statute provided for a term each month, it may be said that § 9791, which governs, does not prescribe any penalty for the failure to file the information during a term of the district court next following the filing of the return of the justice on the preliminary examination. It does not provide for a dismissal of the action if the information is not filed at the first statutory term. A reading of that section shows that terms of court which are merely fixed by statute are not necessarily terms of court held each month. The provision is that information shall be filed during each term "held," etc., etc. Without intimating that a failure to file an information in a case in which a person accused of crime has been held to answer during a term actually held would warrant a dismissal of the action, this motion was properly denied on the ground that the facts were not brought within the provisions of this section. No term was actually held between April and August, 1908, within the meaning of said section.

The defendant also relies upon § 9871, Rev. Codes 1905, which provides in a general way that the defendant must be arraigned on an information or indictment before the court to which it is presented. It places no limit upon the term or time during which the arraignment must be made. The defendant did not, therefore, bring himself within the provisions of this section.

The defendant also moved for a dismissal of the action for failure to comply with § 10307, Rev. Codes 1905, which reads as follows: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: (1) When a person has been held to answer for a public offense if an information is not filed or an indictment found against him at the next regular term of the district court; (2) if a defendant whose trial has not been postponed upon his application is not brought to trial at the next term of the district court in which the information or indictment is triable after it is filed if an information, or if an indictment, after it is found." So far as this section is concerned, it may be sufficient to say that no regular term of the county court was held during the time between April and August, 1908, within the meaning of this section. In other words, as stated before, the mere fact that the law provides

that a term may be held at a given time does not necessarily constitute that a regular term of said court.

In regard to the second subdivision of said section, to wit, that defendant was not brought to trial at the next term of the court in which the information was triable, the case of State v. Foster, 14 N. D. 565, 105 N. W. 938, disposes of it. In that case it was held that a term simply provided for by statute at which no jury is summoned is not a regular term as contemplated by that section. This case is in point, and is decisive of this appeal, so far as application of this section is concerned. In that case it was said: "It is true § 403, Rev. Codes 1899, provides for a term of court in Grand Forks county for each month in the year except the months of August and September, commencing on the first Tuesday of each month. But these terms are not made regular jury terms by the statute. The same section requires the calling of a jury for at least two terms each year, and, with this exception, provides that a jury shall not be called for any term unless, in the opinion of the judge, there is sufficient business to demand a jury. No jury was called for the October or November terms, and the term at which the information was filed was the first jury term held after the defendant was committed. We are of opinion that a regular term of court, within the meaning of § 8497, means a court which is equipped with a jury for the trial of cases, and not a mere statutory term without a jury. This section was in force long before the so-called statutory terms were provided for, and that was its meaning then, and must be held to be its meaning now. This section requires two jury terms at least to be held each year in Grand Forks county. If they are held it cannot be said that a defendant is denied his constitutional right to a speedy trial. If, without good cause, the presiding judge should fail, or neglect to call a jury for these two terms, a different question would arise, and one which we need not discuss, for there has been no such neglect of duty, and the defendant predicates no rights upon the fact that a jury was not called at the October and November terms. His position is that each statutory term is 'a regular term,' a position which, in our opinion, is not tenable."

Subdivision 2 of this section can have no application to this case for another reason. Section 8300, Rev. Codes 1905, expressly refers to

cases where the defendant is under bail for his appearance, and it expressly provides that the trial shall not be postponed longer than until the third term after such bail has been given. A person not committed to jail cannot, therefore, demand a dismissal of the action for want of prosecution until the third term after he is bound over. This is a part of the act prescribing the practice in county courts, and governs in cases like the one under consideration. Three terms of court did not pass since the giving of the appearance bond by the defendant, at which he could have been regularly tried and the case submitted to a jury. Hence it was not error to deny the motion to dismiss. The following cases are in point upon the construction of similar statutes: Byrd v. State, 1 How. (Miss.) 163; Com. v. Brown, 11 Phila. 370; State v. Reddington, 7 S. D. 368, 64 N. W. 170; Gallagher v. People, 88 Ill. 336; Meadowcroft v. People, 163 Ill. 56, 35 L.R.A. 176, 54 Am. St. Rep. 447, 45 N. E. 303; Re Begerow, 133 Cal. 349, 56 L.R.A. 513, 85 Am. St. Rep. 178, 65 Pac. 828; State v. Lamphere, 20 S. D. 98, 104 N. W. 1038; Burnett v. State, 76 Ark. 295, 113 Am. St. Rep. 94, 88 S. W. 956; State v. Campbell, 73 Kan. 688, 9 L.R.A.(N.S.) 533, 85 Pac. 784, 9 A. & E. Ann. Cas. 1203; Erwin v. State, 29 Ohio St. 186, 23 Am. Rep. 733, 2 Am. Crim. Rep. 251.

Defendant relies upon People v. Morino, 85 Cal. 516, 24 Pac. 892, People v. Wickham, 113 Cal. 283, 48 Pac. 123, State v. Thompson, 32 Minn. 144, 19 N. W. 730, and State v. Radoicich, 66 Minn. 294, 69 N. W. 25. These cases were under similar statutes, but the facts are not like those in this case. The facts in the cases cited were held not to constitute a good cause for not discharging the defendants. In the case at bar it is held that good cause was shown for not putting defendant upon his trial. In this case the facts were not brought within the provisions of the statutes, and it is therefore held that there was no error in refusing to dismiss the prosecution. Good cause was shown for not dismissing the prosecution, which was that no jury term had been held and no facts shown to exist that made it the duty of the court to call a jury term. Whether prosecutions should ever be dismissed under facts just like the one at bar, in view of the fact that defendant at no time appeared and demanded a trial, we do not decide, although the question is discussed by counsel.

The record shows that the county court was in session during several

months, and it is claimed that the defendant should have been arraigned at some of these terms in order that he might have an opportunity to plead, and, if he desired, to waive a jury and submit to a trial by the court. At some of these terms, pleas of guilty were taken and the defendants sentenced. However, it is purely a matter of conjecture whether the defendant would have waived a jury if he had been arraigned. After the passage of chapter 68, Laws 1907, there was no provision authorizing a waiver of a jury trial in county courts. Conceding, without deciding, that such waiver could be made in an assault case, the question before us on the motion to dismiss is not affected by the fact that the defendant might have waived a jury trial. The statute of 1907 provides for three jury terms each year when certain cases are for trial. As stated in State v. Foster, supra, this is a compliance with the constitutional provision guaranteeing the right to a speedy trial.

Prejudicial misconduct of the state's attorney during the trial is urged as a ground for a new trial. We do not attach much weight to the contention that the alleged misconduct resulted in injustice or an unfair trial. While the defendant was under cross-examination by the state's attorney, the defendant's attorney interposed an objection to a question, and the state's attorney said in reference to the objection, "Counsel was a little slow in coming to the assistance of the witness." The defendant's attorney immediately excepted to this comment, and the court promptly cautioned the jury to disregard the remarks of counsel and to be governed only by the evidence in the case. Standing alone, we do not think that the remarks constituted prejudicial misconduct. In view of the prompt caution of the court to disregard the remarks, it would be unwarranted to presume that the defendant was in any way prejudiced. The case of Heller v. People, 22 Colo. 11, 43 Pac. 124, relied upon by the appellant is not in point. In that case the prosecuting attorney and his assistant made remarks of a very insulting nature and offers of testimony of the commission of other crimes by the defendant were made, and after being cautioned by the trial court, the prosecuting attorney persisted in such misconduct. In this case the insinuation referred only to the conduct of the defendant's attorney. There are other objections based on the conduct and remarks of the state's attorney which we deem equally without merit.

In one instance he charged the defendant with improper demeanor on the witness stand while giving his testimony. The remarks of the attorney were not out of place, and the defendant's actions deserved a rebuke from the court or counsel, or both.

Error is also predicated on the failure of the trial judge to charge the jury that they were the sole judges of all questions of fact. We think that the charge substantially covered this subject, and there was no request by defendant's counsel for a more specific instruction. If the objection were to be deemed meritorious in any case, it cannot be under the facts of this case, where the instructions substantially covered the ground and no request for more specific instruction was made.

Error is also assigned on the judgment. It is claimed that it provides a greater penalty than prescribed by the statute. As stated before, defendant was sentenced to imprisonment for twenty days, and to pay a fine of $100 and costs taxed at the sum of $50. If the fine and costs were not paid, he was to be imprisoned seventy-five days additional. Section 8875, Rev. Codes 1905, provides that assault and battery is punishable by imprisonment not exceeding thirty days, or by fine not less than $5 nor more than $100, or both. The claim is that a fine of $100 and imprisonment for ninety-five days is beyond the punishment prescribed by that section. This judgment is expressly authorized by § 10104, Rev. Codes 1905, which reads as follows: "A judgment that the defendant pay a fine and costs may also direct that he be imprisoned until both fine and costs are satisfied, specifying the extent of the imprisonment, which must not exceed one day for every $2 of the fine and costs," etc. This section controls what the judgment may be so far as imprisonment for failure to pay the fine and costs is concerned, and expressly authorizes imprisonment when costs are not paid as well as when the fine is not paid.

Finding no error in the record, the judgment is affirmed. All concur.