## STATE OF NORTH DAKOTA, Respondent, v. WALTER DINGER, Appellant.

(199 N. W. 196.)

**Criminal law — right to speedy trial held not violated by failure to call jury for two succeeding terms after information.**

1. Where a person accused of crime, who is informed against at the January, 1922, term of the district court and is at all times out on bail, procures a postponement over that term, he is not entitled to a discharge for delay, pursuant to § 11,166, Comp. Laws, 1913, and § 13, Constitution of North Dakota, merely because no jury is called at the two next terms of court and

---

Note.— (1) Failure to demand trial as waiver of right to speedy trial in criminal case, see notes in 56 L.R.A. 538; 44 L.R.A. (N.S.) 871; 8 R. C. L. 71, 74; 2 R. C. L. Supp. 534, 535; 4 R. C. L. Supp. 518.

(2) Admissibility against defendant of document or articles taken from him, see notes in 29 L.R.A. 818; 59 L.R.A. 466; 8 L.R.A. (N.S.) 762; 18 L.R.A. (N.S.) 253; 34 L.R.A. (N.S.) 58; L.R.A.1915B, 834; L.R.A.1916C, 1017; L.R.A.1916E, 715. Constitutional guaranties against unreasonable searches and seizures as applied to search for or seizure of intoxicating liquor, see notes in 3 A.L.R. 1514; 13 A.L.R. 1516; 27 A.L.R. 709; 39 A.L.R. 811; 24 R. C. L. 717; 4 R. C. L. Supp. 1554; 5 R. C. L. Supp. 1297.

he is not then given a trial, the accused not having resisted postponement over such terms in any way, asked that a jury be called, demanded a trial, or in any manner indicated a desire for a speedier trial than the state accorded him.

**Searches and seizures — evidence — search without warrant of defendant's automobile for liquor held not unreasonable in violation of constitutional provision; evidence obtained by alleged unlawful search of automobile held admissible, defendant not objecting until offered at trial.**

2. For reasons stated in the opinion, it is *held*, that the conduct of the officers in searching the defendant's automobile did not amount to an unreasonable search or seizure in violation of article 4 of the Amendments to the Constitution of the United States; nor was the use in evidence of the intoxicating liquor, seized at the time of the search and taken from the possession of the defendant, a violation of article 5 of the Amendments to the Constitution of the United States, or of § 13 of the Constitution of the state of North Dakota, in effect providing that a person accused of crime shall not be compelled to become a witness against himself. The case is controlled, on this point, by the decision in State v. Pauley, 49 N. D. 488.

Opinion filed April 9, 1924. Rehearing denied June 2, 1924.

Courts, 15 C. J. § 216 p. 875 n. 53 New. Criminal Law, 16 C. J. § 794 p. 440 n. 6; § 800 p. 443 n. 49, 50; § 1098 p. 567 n. 92. Intoxicating Liquors, 33 C. J. § 376 p. 679 n. 50.

Appeal from the District Court of Renville County, North Dakota, *Bultz*, J.

Affirmed.

*E. R. Sinkler* and *G. O. Brekke*, and *Fisk & Nash*, for appellant.

*George F. Shafer*, Attorney General, and *John Thorpe*, Assistant Attorney General, and *Geo. I. Rodsater*, Prosecuting Attorney by appointment, for the State.

JOHNSON, J. This is an appeal from a judgment of conviction entered upon the verdict of a jury and from an order denying a motion to dismiss. The defendant was found guilty of the crime of transporting intoxicating liquor in violation of chapter 97, Session Laws, 1921, of the state of North Dakota.

The defendant was arrested and bound over to the district court in

June, 1921. He was informed against at the January, 1922, term of the district court of Renville county. At that term a jury was called, but the case against the defendant was postponed over the term at his own request. There was no jury term either in July, 1922, or in January, 1923. Defendant was tried and convicted at the regular June, 1923, term of the district court of Renville county.

Eighteen errors are assigned by the appellant, but the argument on this appeal for a reversal centers mainly on two points made in the trial court, namely, that the action should have been dismissed for the reason that two regular terms were passed, namely the July, 1922, term and the January, 1923, term of the district court, without bringing the case to trial, in violation of defendant's right to a speedy trial; and that the liquor was taken from defendant at the point of a gun and, therefore, should not have been received in evidence at the trial over defendant's objection.

Section 11,166, Comp. Laws, 1913, reads as follows:

"The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

"1.  .  .  .

"2. If a defendant whose trial has not been postponed upon his application is not brought to trial at the next term of the district court in which the information or indictment is triable after it is filed if an information, or if an indictment after it is found."

Chapter 167, Session Laws, 1919, provides:

"The terms of court shall be held in each county in the several judicial districts and the location of the judges' chambers shall be fixed by order of the supreme court in such manner that the judges in each judicial district may have a circuit within their districts and so that no judge shall hold two consecutive jury terms of court in any county except in the county of Cass."

The supreme court, by rules, effective August 15, 1920 (see also Comp. Laws, 1913, § 11,167, 41 N. D. 689, 180 N. W. VII.), designated the time for holding jury terms in Renville County for the fourth Monday in January and the second Tuesday in July of each year. By rule 24 it is provided that in case it appears to the district judges that the business is insufficient to warrant the holding of a

general term in any county in their district, the district judges may determine not to call a general term in such county.

Section 13 of the Constitution provides that "in criminal prosecutions in any court whatever the party accused shall have the right to a speedy and public trial."

It is contended by the appellant that by virtue of the statutory and constitutional provisions quoted, it was the duty of the state to proceed to try him either at the July, 1922, term or at the January, 1923, term of the district court, altho a jury was not present or called at either term.

It must be noted that the trial was postponed upon the application of the defendant and went over the January, 1922, term of the district court, when the state was ready to proceed with the case. The defendant was at all times out on bail and did not suggest or demand that he be tried at either term. He made no objection to the delay at any time until his case was called, when he objected to the introduction of any evidence on the ground that the court had no jurisdiction because of the delay, and moved to dismiss on the same ground.

Section 11,166, supra, makes effective the provisions of § 13 of the Constitution, guaranteeing a speedy trial to a person accused of crime. The underlying purpose of this constitutional provision is to provide protection to a person accused of crime against arbitrary detention or imprisonment upon a criminal charge without an opportunity to vindicate his innocence in a trial at law. While the purpose of the provision for a speedy trial is primarily to protect the rights of the accused, it should not be so construed as to defeat the due and orderly administration of justice and to enable the guilty to escape the just and lawful consequences of their crimes. It is intended to protect the right of the innocent, as well as of the guilty, to have the question of his guilt or innocence promptly investigated, that is, the provision is intended to operate in the interest of justice. That conclusion necessarily requires that the courts recognize the interest of the public in law enforcement and in the punishment of persons who violate the penal laws.

It is not necessary to enter into a consideration of the meaning of words or phrases used in section 11,166, supra. The record affirmatively shows that the case was postponed upon the application of the de-

fendant; that the defendant at no time resisted the postponement of the trial over the two intervening terms at which no jury was called and that he did not demand, at any time, a trial at either of such terms. He made no effort of any kind to obtain a speedier trial than was ultimately accorded him. The defendant was not, under the facts in the record, entitled to a discharge in the absence of a showing either of a resistance to the postponement, or of an effort of some kind to obtain a trial at either one of the intervening terms. State v. Rowley, 198 Iowa, 613, 198 N. W. 37; State v. Miller, 72 Wash. 154, 129 Pac. 1100; State v. O'Connor, 6 Kan. App. 770, 50 Pac. 949; Parker v. State, 7 Okla. Crim. Rep. 238, 122 Pac. 1116; State ex rel. Eubanks v. Cole, 4 Okla. Crim. Rep. 25, 109 Pac. 736; Head v. State, 44 L.R.A.(N.S.) 871 and note (9 Okla. Crim. Rep. 356, 131 Pac. 937); Bowes v. State, 7 Okla. Crim. Rep. 316, 126 Pac. 580. See also note in 56 L.R.A. 538, where the collected authorities support the rule that an accused is not entitled to a discharge for delay, unless it appears that he resisted postponement, demanded a trial, or made some effort to procure a speedier trial than the state accorded him.

Section 115 of the state Constitution is referred to by counsel for the appellant. This section provides that "the time of holding courts in the several counties of a district shall be as prescribed by law, but at least two terms of the district court shall be held annually in each organized county. . . . " It is suggested that the authorities cited in this opinion from the state of Oklahoma are not in point because no such provision is found in the Constitution of that State. Section 9, article 7, of the Constitution of Oklahoma, however, contains a requirement, in substantially identical language, that two regular terms shall be held in each organized county. It is insisted that this constitutional provision is mandatory and requires the holding of at least two *jury* terms in every county. This contention we think is wholly untenable. By "term" as used in the section quoted, we think is meant a term of the district court at which litigants may present causes for hearing and for trial, and that the holding of a court term, without a jury, complies with § 115. The right of the accused to a speedy trial, secured by § 13 of the Constitution, under the facts in the record was not violated by the failure of the district judge of Renville county to call a jury at either the July, 1922, or the January,

1923, term of the district court therein. It is a matter of common knowledge in this state that in some counties a period of a year or more elapses without the necessity of calling a jury, and to put the public to that expense without the necessity therefor, because of the constitutional provision adverted to, would be to impute to the makers of the Constitution a lack of sense and foresight negatived by the other wise provisions of that instrument, and at the same time to compel the incurring of needless and useless expenditures of public money.

It is not here suggested or held that the constitutional right to a speedy trial of one accused of crime may be nullified or the consequences of denial thereof, prescribed in § 11,166, supra, avoided, by failing to provide for terms of court as required by § 115; or by the simple device of failing or neglecting to call a jury at a regular term of court.

This court has had § 11,166 before it in at least two cases where it received somewhat extended consideration. State v. Foster, 14 N. D. 565, 105 N. W. 938; and State v. Fleming, 20 N. D. 105, 126 N. W. 565. In State v. Foster, this court held that the phrase "regular term" used in subdivision 1 of § 11,166, supra, meant a term "equipped with a jury for the trial of cases, and not a mere statutory term without a jury." It is difficult to see why a different meaning should be ascribed to the word "term" as used in the second subdivision of the same section. From the discussion in State v. Foster, supra, it is clear to our minds that a statutory term, where a jury is not present, is not, under the facts in the case at bar, "a regular term" or "term" within the meaning of § 11,166, supra.

The state of Minnesota has a statute similar to section 11,166, supra, which provides that if a person be "indicted and trial is not postponed upon his own application, unless tried at the next term of the court in which it is triable, the indictment shall be dismissed unless good cause to the contrary is shown." There is likewise in the Constitution of the state of Minnesota a provision similar to section 13 of our Constitution, guaranteeing a speedy trial to persons accused of crime. In State v. Artz, 154 Minn. 290, 191 N. W. 605, the court says: "The period in which a speedy trial may be had begins to elapse from the time the accused evinces a readiness to go to trial." No prejudice can result to a person accused of crime from the application and en-

forcement of such a rule. The purpose of the constitutional provision, as has been heretofore intimated, is to further justice, and to protect the accused from arbitrary delays; but in giving effect to this provision regard must be had for the public interest.

"A criminal trial is not a game of wits between opposing counsel, to be played according to certain technical rules, with the judges acting as umpires. It is a solemn judicial proceeding to ascertain the guilt or innocence of a person accused of crime. Rules of criminal procedure were not formulated to enable criminals to escape punishment. They were formulated to aid the courts in properly dispensing justice in criminal causes. They are intended on the one hand to safeguard the rights of the accused to the end that no innocent person may be convicted of crime, and they are intended on the other hand to enable the state to bring those guilty of crime to the bar of justice. A person accused of crime is entitled to a fair trial in accordance with the principles enunciated in the Constitution and the laws of this state. This right is self-evident. But it is equally self-evident that civilized society as now constituted cannot long exist unless the state can enforce its laws against wrongdoers. The rules of criminal procedure should be construed to effect the purposes for which they were intended, and not to defeat them. *The test is not whether certain legal formulas have been literally complied with, but whether anything has been done or left undone which prejudices the substantial rights of the accused.* If a substantial right has been prejudiced a new trial should be had. If not, it is equally the duty of an appellate court to affirm a conviction." Justice Christianson in State v. Webb, 36 N. D. 235, 246, 162 N. W. 358. (Italics are ours.)

It should also be noted in this case that the defendant, when he procured a postponement over the January, 1922, term, when the state was prepared to go to trial, was charged with knowledge of the fact that the judges of the district court of Renville county might, in their discretion, decide not to call a jury at the next ensuing terms of court in the county. The judges of that judicial district were undoubtedly justified in assuming that the defendant was satisfied to remain at liberty on bail without a trial at either the July, 1922, or the January, 1923, terms of court, inasmuch as he had asked for a postponement, had not indicated in any manner an objection to the

postponement over the terms, or a desire that he be tried at either of such terms. Whether the defendant, under the facts in this record, would have been entitled to a jury trial at either of the terms mentioned, upon demand, or a dismissal of the charge against him if such demand had been refused, is not decided.

When the case was opened for trial a lengthy colloquy took place between the court and the counsel for the prisoner, from which it abundantly appears that the defendant suffered no prejudice because of the delay.

The other point raised by the defendant and argued in the brief is that the liquor that was offered and received in evidence and which was taken from the defendant's automobile, was seized at the point of a gun and that to receive the same in evidence violated articles 4 and 5 of the Constitution of the United States and § 13 of the Constitution of the state of North Dakota, in this, that the conduct of the officers amounted to an unreasonable search and seizure in violation of article 4 of the Amendments to the Constitution of the United States, and, in effect, compelled the defendant to be a witness against himself.

The facts pertinent upon this question are as follows: The State called the sheriff of Renville county and also a law enforcement officer employed by the State of North Dakota. These witnesses testified, in substance, that they saw the defendant in June, 1921, in Renville county, driving a roadster; and that, having become suspicious that the automobile was being used in the illegal transportation of intoxicating liquors, they gave chase. After driving about twenty-five miles at high speed, the officers caught up with the fleeing automobile, drove their car across the road in front of it, and signalled the defendant to stop. The officers then stepped out of their car and told the defendant that they desired to search his automobile. The sheriff had a revolver in one hand and the other officer probably had a firearm in his possession at the time they stepped out of the automobile. They testified, however, that they did not point their firearms at the defendant or point them towards him in a threatening or in any other manner. They told him that they were officers and wanted to search his car. The defendant thereupon, without objection, stepped out of his automobile and opened the back end of the car for the inspection of the officers. The officers found a large quantity of intoxicating liquor in labeled

bottles, which they seized and some of which was identified and offered in evidence at the trial, over the objection of defendant's counsel. After discovering the liquor in the automobile, the officers put the defendant under arrest. Some of the bottles were in sacks and some were wrapped in paper. The defendant did not testify. The evidence was not obtained by entry into his house. The defendant made no motion or effort to redress, have punished, or resist by proceedings of any kind the alleged illegality in the mode in which the incriminating evidence was obtained, but simply objected to its introduction at the trial.

We do not deem it necessary to discuss the principles of law involved in the objection under consideration. The contention of the appellant is fully met by the decision of this court in State v. Pauley, 49 N. D. 488, 192 N. W. 91. The court properly overruled the objection and received the evidence. See also Hester v. United States, 265 U. S. 57, 68 L. ed. 898, 44 Sup. Ct. Rep. 445; People v. Case, 220 Mich. 379, 27 A.L.R. 686, 190 N. W. 289; Houck v. State, 106 Ohio St. 195, 140 N. E. 112; People v. De Cesare, 220 Mich. 417, 190 N. W. 302; Lambert v. United States (C. C. A. 9th) 282 Fed. 413; United States v. Hilsinger (D. C.) 284 Fed. 585.

Other errors are assigned, but inasmuch as they are not argued in the brief, we pass them without further consideration.

Finding no error in the record, the judgment of the trial court is affirmed.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, and NUESSLE, JJ., concur.