## STATE OF NORTH DAKOTA, Respondent, v. G. W. SHANK, Appellant.

(202 N. W. 128.)

**Arrest — criminal law — automobile driver admitting unlawful transportation of intoxicating liquor may be arrested by private persons; statement of persons arrested, or liquor seized on search without warrant as incident to lawful arrest, held not inadmissible under search and seizure and incriminating evidence provisions of constitution.**

A person who is driving an automobile in this state and who voluntarily states to others that such automobile contains a large quantity of intoxicating liquor, thereby admits that he is then engaged in the commission of a public offense (Laws 1921, chap. 97) and he may be lawfully arrested by the persons to whom such statement is made even though they are not peace officers (Comp. Laws, 1913, § 10,573); and where such statement is voluntarily made before arrest and search the statement and the liquor found in the automobile upon the arrest, are not rendered inadmissible in evidence by §§ 13 and 18 of the Constitution of this state.

Opinion filed November 15, 1924. Rehearing denied December 31, 1924.

Arrest, 5 C. J. § 38 p. 410 n. 52. Criminal Law, 16 C. J. § 1098 p. 567 n. 94; § 1229 p. 620 n. 63; § 1247 p. 629 n. 23.

Appeal from the district court of Ward County, *Moellring, J.*

**Note.**—Admissibility against defendant of document or articles taken from him, see annotation in 59 L.R.A. 465; 8 L.R.A. (N.S.) 762; 34 L.R.A. (N.S.) 58; L.R.A. 1915B, 834, L.R.A.1916E, 715.

G. W. Shank was convicted of the unlawful transportation of liquor and he appeals.

Affirmed.

*Fisk, Murphy & Nash,* for appellant.

*Geo. F. Shafer,* Attorney General, *V. E. Stenersen,* State's Attorney, Ward County, and *O. B. Henigstad,* Assistant State's Attorney, for respondent.

CHRISTIANSON, J. The defendant was convicted of transporting intoxicating liquor, in violation of chapter 97, Laws 1921, and appeals from the judgment of conviction. The only errors assigned and argued relate to the admission of the testimony of two witnesses for the prosecution. It is contended by the defendant that the admission of this testimony violated rights guaranteed him under §§ 13 and 18 of the constitution of this state. (The constitutional guarantees so invoked, are identical with those enumerated in the 4th and 5th Amendments of the Constitution of the United States.)

The witnesses, whose testimony is objected to, testified that they were special investigators for the state, working under the direction of the State Licensing Department of the Attorney General's Office.

The witness, Upton, testified in part: "I saw the defendant riding in a Ford car. It was in the evening between six and seven o'clock, about four miles from Minot and in Ward county, North Dakota. When we met him we turned around and followed him. He went into a farm house. I do not know whose house it is,—what place it is. I asked how many cases he had on. He said he had seven. At the time of this conversation he was sitting in the car. We told him to get out of that car and get into ours. Examined the car and saw it had whiskey in it. . . . I had an appointment with Mr. Watkins, Deputy State Inspector. I had no written appointment and had taken no oath of office. . . . We took after defendant's car and asked him how many cases he had on and then proceeded to search the car. I had no search warrant at that time and no warrant for defendant's arrest. I became suspicious that he had something in the car because he had a reputation for hauling whiskey right along and we searched the car. . . ."

Q. Now what liquors did you find in this car at the time you made search of it?

A. About 90 bottles; 90 quart bottles. I think it was that. Might have been more or less. I would not be just exact.

Q. Ninety quart bottles of what?

A. Well, there was whiskey and gin.

We took the defendant to Minot and turned him over to the police officers and I afterwards made a complaint against him. In coming down to Minot, "he said he had got this on order I believe at the Canadian border. Said he hated to lose it because it was a good grade of whiskey; it was old stock." "He said he had liquor before I searched the car." The witness identified certain bottles as being among those found in defendant's car, and testified that they were in the same condition in which they were found in the car; and that they contained whiskey.

The witness, Redlin, testified, in part: I am a farmer by occupation and was working for the State Department in June, 1921. I saw the defendant on June 25, 1921 at about eight o'clock in the evening on the north valley road west of Minot. He was in a Ford runabout. He was about five miles from Minot, in Ward County, North Dakota. After we passed him one of the party recognized the defendant and said that we better turn around and have a talk with him. He drove to a farm house. We drove up to the farm house and he got out of the car.

Q. Did you have any conversation?

A. Well, Mr. Upton asked him how much whiskey he had.

Q. And what did the defendant say?

A. Why he said he had seven cases.

Q. What did you fellows do then?

A. Somebody mentioned about looking and seeing and I stepped around to the back of the car and opened the lid and I said it was full, all right.

Q. That was after he had the conversation?

A. Yes, sir.

Q. And what did you find in that search?

A. I found the car full of whiskey and gin of different brands.

(The witness thereupon identified the bottles which had been identified by the former witness.)

Q. After you discovered this liquor in there what did you do?

A. We asked defendant to go to town with us and he did so. He stepped in the car that we drove, and I drove the Ford in. He was taken to the police station.

This witness, also, testified that he had been appointed by the State Inspector of the Licensing Department, but that he had received no written appointment.

Defendant's counsel objected to the introduction of the testimony of these witnesses, and later moved that their testimony and the exhibits identified by them be stricken on the ground that the testimony related to, and the exhibits were obtained by means of, an unreasonable and unlawful search; that all of the evidence was proscribed by, and fell within the inhibition of, §§ 13 and 18 of the State Constitution. The objections were overruled, and the motions to strike denied. These rulings form the basis of the errors assigned and argued on this appeal.

It is contended by the defendant that the two witnesses were not police officers; that they had no valid appointments; that in any event the State Inspector of the Licensing Department and his subordinates may not constitutionally be vested with authority to perform duties which the constitution either directly or impliedly has conferred upon sheriffs; that, even though the witnesses were duly qualified, and had the power to execute warrants of arrest and search warrants, inasmuch as the search in question was not made under a search warrant, it was unreasonable and unlawful.

We find it unnecessary to consider these contentions for in our opinion they are not involved in this case. Here there was no forcible or compulsory extortion of a person's own testimony or of his papers or effects. Before any arrest or search was made the defendant stated that he was then engaged in the commission of a public offense. Laws 1921, chap. 97. In these circumstances he might be lawfully arrested by a private person. Comp. Laws 1913, § 10,573. The statement so made admitting the commission of an offense also gave the persons to whom it was made the same information which the subsequent search furnished. There is no showing that defendant's statement was in-

52 N. D.—7.

duced by fraud, threats or show of force. It is not even shown that the defendant supposed the persons to whom he made the statement were, or claimed to be, officers. Nor is there any showing that the premises where the alleged search was made belonged to the defendant. And there is no showing that any of the liquor was seized by anyone until after the defendant was arrested. As we view the case it falls squarely within the rule announced in State v. Pauley, 49 N. D. 488, 192 N. W. 91; State v. Dinger, 51 N. D. 98, 199 N. W. 196; Hester v. United States, 265 U. S. 57, 68 L. ed. 898, 44 Sup. Ct. Rep. 445.

Affirmed.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.