The sole question involved in this case is whether a justice of the peace has authority to order (in a judgment of conviction) that a defendant be imprisoned on failure to pay a fine in a case where an offense is punishable by both fine and imprisonment and the justice of the peace has sentenced the offender to both fine and imprisonment.
The majority opinion sets forth some of the provisions of the Justice's Code of the Territory of Dakota for 1877 and makes reference to the compilation, revision and codification authorized by the legislative assembly of North Dakota in 1893 resulting in the preparation and adoption of the Justice's Code contained in the Revised Codes of 1895. The latter Code, while containing many new provisions, was largely a revision of the former laws and the territorial code of 1877 formed the basis of the structure. Many of its sections were retained without change. In some instances, as indicated in the majority *Page 242 
opinion, parts of different sections were embodied in a new section. Thus, as indicated in the majority opinion, portions of §§ 126 and 127 of the Justice's Code of 1877 were embodied in a new section which now constitutes § 9157, Comp. Laws 1913. Other portions of these sections were embodied in still other sections (see § 9160, Comp. Laws 1913). So far as the statutory provisions involved in this proceeding are concerned, they remain precisely as they were enacted by the legislative assembly in 1895. They consist of the following sections of the Compiled Laws of 1913:
Sec. 9007. ". . . Each justice's court has . . . jurisdiction and authority coextensive with the county or judicial subdivision to hear, try and determine every criminal action in which the offense charged is punishable by a fine not exceeding one hundred dollars or by imprisonment in the county jail for a period not to exceed thirty days or by both such fine and imprisonment, and every other criminal action in which jurisdiction is specially conferred by law."
Sec. 9157. "When the defendant is convicted by the court or by a verdict of `guilty' or a verdict `for the state' which does not also find the defendant not guilty, the court shall render judgment that he be punished by a fine or by imprisonment in the county jail or by both fine and imprisonment, specifying the amount of the fine or time of imprisonment. A judgment of fine only may also direct that the defendant be imprisoned until the same is satisfied. In a case in which the court has a discretion as to the extent of the punishment, it may, upon the suggestion of either party before rendering judgment, hear testimony as to circumstances proper to be considered in aggravation or mitigation of punishment."
Sec. 9159. "A judgment, which imposes a fine without directing that the defendant be imprisoned until the same is satisfied, may be enforced in the same manner as a judgment in a civil action and execution shall issue accordingly at the request of the state's attorney."
Sec. 9160. "A judgment of imprisonment must be executed by delivering the defendant into the custody of the sheriff or other officer in charge of the county jail, who shall safely keep him therein until the expiration of the time specified in the judgment. A judgment of fine which directs that the defendant be imprisoned until the fine is paid must be executed in like manner except that the time of imprisonment *Page 243 
shall be at the rate of one day for each two dollars of the fine and the defendant must be discharged on payment of the fine."
It will be noted that these statutes authorize a justice of the peace to impose three different forms of punishment: (1) A fine; (2) imprisonment in a county jail; and (3) both fine and imprisonment. The judgment involved here imposed both fine and imprisonment.
In the majority opinion great stress is laid upon the word "only" in the following sentence in § 9157: "A judgment of fine only may also direct that the defendant be imprisoned until the same is satisfied." The majority opinion is predicated upon the theory that the word "only" was intended to limit the power of a justice of the peace to order imprisonment in case of non-payment of fine to cases wherein a fine alone is imposed and to deprive him of power to enforce payment of fine by imprisonment in a case where both fine and imprisonment are adjudged. In short, the majority opinion construes the sentence quoted to have precisely the same meaning as though it read: "A judgment of fine may direct that the defendant be imprisoned until the same is satisfied only where the judgment imposes only a fine; but the defendant may not be so imprisoned where a judgment imposing a fine, also, imposes imprisonment." I am unable to agree with this conclusion or the reasoning on which it is based. I have no quarrel with the various authorities cited in the majority opinion. These are cases where the familiar rule of statutory construction that the expression of one thing is the exclusion of another is clearly applicable; but I fail to see how that rule can have any application here. In the sentence quoted the legislature was dealing with judgments imposing one type of punishment, namely, a judgment for fine only and it defined the power of a justice of the peace in such cases. It said that in such case the court should have power to order imprisonment in case of non-payment of the fine. I fail to see how it can be said that this evidences any legislative intention to restrict the power of a justice of the peace as regards the enforcement of a judgment of any of the other two types of punishment, which the justice of the peace is authorized to impose. In the enactment of 1895, the legislative assembly, for reasons which seemed sufficient to it, sought to clarify the law as regards the enforcement of a judgment for fine only. The provision in § 9157, supra, upon which reliance is made by the majority is not the only *Page 244 
provision that the legislature embodied in the Code of 1895 as regards a judgment for fine. The provisions of § 9159, as regards the enforcement of a judgment for fine where the judgment contains no direction that the defendant be imprisoned, had no counterpart in the law of the territory or the law of the state prior to its enactment in 1895.
Reports of the adjudicated cases in other states indicate that considerable difficulty and confusion had arisen as regards the enforcement of a judgment for fine alone. The provisions adopted by the legislative assembly in 1895 clarified the law as regards the controversial questions that had arisen elsewhere as regards the enforcement of a judgment for fine only. While there was, and is, some conflict in the authorities as to whether in the case of a judgment for both fine and imprisonment payment of the fine may be enforced by imprisonment, the general rule in force in this country is that "where the punishment for an offense is both fine and imprisonment, the court may order defendant, for a failure to pay the fine, to be imprisoned, and that such imprisonment begin after the expiration of the term fixed as a punishment for the crime." 25 C.J. p. 1159; see also 8 Enc. Pl. Pr. p. 968.
This is the rule in force in this state in cases where a person is convicted in a district court or in a county court with increased jurisdiction. State v. Merry, 20 N.D. 337, 127 N.W. 83. See also State v. Fleming, 20 N.D. 105, 126 N.W. 565. And as I understand the majority opinion it is not denied that this same rule was in force in this state in justices' courts prior to the enactment of the Justices' Code in 1895.
The rule announced by the majority will lead to some rather peculiar results. Both the Code of Criminal Procedure and the Justices' Code provide that where a defendant is imprisoned in default of payment of fine, the time of imprisonment shall be at the rate of one day for each two dollars of the fine. Comp. Laws 1913, §§ 9,160, 10,941. If a person is convicted of an offense in a district court or in a county court having increased jurisdiction and the court imposes both fine and imprisonment the defendant may be imprisoned in default of payment of fine at the rate of one day for each two dollars of fine. State v. Merry,20 N.D. 337, 127 N.W. 83. But, according to the rule announced by the majority in this case, if he is convicted of precisely *Page 245 
the same offense in a Justice's Court and the justice of the peace imposes both fine and imprisonment, payment of the judgment for fine cannot be enforced by imprisonment. So again, if a person is convicted in a justice's court and sentenced to fine and imprisonment and thereafter appeals to the district court or to a county court having increased jurisdiction and precisely the same judgment is rendered in the appellate court, the payment of the fine imposed by the appellate court may be enforced by imprisonment whereas the judgment of fine by the justice of the peace could not have been so enforced.
According to the rule announced by the majority a justice of the peace may sentence a person to thirty days' imprisonment in a county jail; he may sentence him to thirty days' imprisonment and to pay a fine of one hundred dollars (in which case payment of the fine may be enforced by execution only); or he may sentence him to pay a fine of one hundred dollars and on default in payment of such fine to fifty days' imprisonment; but if such justice of the peace sentences a person to one days' imprisonment and to pay a fine of two dollars he is powerless to enforce payment of such two dollars fine by an additional days imprisonment. Is it possible that the legislature intended to bring about any such condition of affairs? Is it possible that the legislature intended that there might be such radical differences in the actual results so far as punishment is concerned for the same crime, dependent solely upon in which of two courts conviction was had?
I realize that these unusual and somewhat ludicrous results do not argue against the correctness of a statutory construction which leads thereto. Nevertheless it may not be amiss to look at the results that will follow from a given construction as it should not be assumed that the lawmakers intended to create undesirable or absurd situations.
In the provision on which the majority predicate the holding that the legislature intended to deprive a justice of the peace of power to enforce payment of a fine by imprisonment in all cases where both fine and imprisonment are imposed, the legislative assembly was dealing only with judgments where a fine alone is imposed. The legislative assembly was not concerned, and did not purport to deal, with judgments in which both fine and imprisonment are imposed. What it said as regards the power of a justice of the peace to enforce the payment of a judgment for fine alone by imprisonment was a specific grant of *Page 246 
power so far as such judgments were concerned. In my opinion this evidenced no legislative intention to restrict the power of a justice of the peace as regards the enforcement of the payment of a fine in a case where both imprisonment and fine are imposed. It seems to me rather that it evidences a legislative intention that as regards such judgment the powers possessed by the justices of the peace under the then existing laws should remain unchanged. So far as I am aware this is the first case in which the power of a justice of the peace to enforce the payment of a judgment of fine in a case where both fine and imprisonment were imposed has been challenged, although it is a matter of common knowledge that such judgments have been rendered throughout the entire history of our state.