## HEYWOOD *v.* THE STATE.

The act creating the city court of Camilla (Acts of 1905, p. 189, § 27) does not, in cases other than indictments transferred from the superior court, authorize the trial of a defendant in a criminal case by a jury until the "regular" or "special" term next succeeding the time of filing accusation. Accordingly, a verdict rendered at the same term of the court during which the accusation was filed is unauthorized by law.

Submitted April 17,—Decided May 10, 1906.

Accusation of cheating and swindling. Before Judge Scaife. City court of Camilla. February 28, 1906.

An accusation was filed in the city court of Camilla during the February term, 1906, charging the defendant with the offense of cheating and swindling. The defendant pleaded not guilty, and was tried by a jury at the same term of the court, and convicted. He moved for a new trial on the ground, among others, that the verdict was contrary to law. The motion was overruled, and he excepted.

*Ernest M. Davis,* for plaintiff in error.

*Samuel S. Bennet, solicitor,* contra.

ATKINSON, J. Under section 27 of the act creating the city court of Camilla (Acts of 1905, p. 189) it is provided, that "the defendants in criminal cases in said city court shall be tried on written accusation setting forth plainly the offense charged, founded on affidavit made by the prosecutor, said accusation shall be signed by the prosecutor and prosecuting officer of said court. Upon such affidavit and accusation being made and filed in the clerk's office of said court, the defendant shall be asked by the judge whether he waives trial by jury. If he answer 'yes,' the judge shall proceed to try and determine said case; if defendant shall answer no, or stand mute, then the judge shall commit him for trial at the next regular term, or special term, in all cases allowing bail to defendant, to be fixed by said judge. The defendant shall not be allowed to demand indictment by the grand jury as a condition precedent to trial." The language of this section of the act is not ambiguous, nor is the intention of the legislature left in doubt. If the defendant, in answer to the judge's inquiry as to whether he waives trial by jury, should say "yes," it is the duty of the judge to proceed to try the case without a jury. If he answers "no," or stands mute, then in express terms the act fixes the time of trial at the next regular term or the next special term. It is insisted by counsel for the State that "next" means nearest, and that the nearest term is the one already in session. This is a strained interpretation of the legislative intent, which we do not feel authorized to follow. There must be a beginning of each term by the proper organization, and there must follow, by limitation of time or formal adjournment, a conclusion of that term. In prescribing the mode of practice, it is in the power of the legislature to say what shall or shall not be

done at the first or second term. The legislature in this instance has exercised this power, and, for reasons not necessary to consider, has seen fit to expressly provide that those who waive jury trial shall be tried by the judge at the time of filing the accusation, and that those who do not waive jury trial shall be tried by a jury at the *next term.* The lawmakers having prescribed that procedure, the courts have no power to make it otherwise. This is a criminal case where all laws are strictly construed; is one wherein the de-. fendant can not be deprived of his liberty except under the lawful judgment of a court of competent jurisdiction. There can be no such judgment without a lawfully organized court. If the determination of the case depends upon the verdict of a jury, there could not be a lawful verdict without a lawfully organized and impaneled jury. If the jury acts at a term before the law gives it power to assume jurisdiction, it acts without authority, and its verdict is of no effect. The difficulty in this case is jurisdictional. The law has made no provision for a jury trial when such is not waived, except at a term which succeeds the filing of the accusation against the defendant. It was as much in the power of the legislature to prescribe what cases should be tried by a jury at a term succeeding the time of accusation as it was to prescribe the substance of the accusation. In the absence of indictment, the provision of law is for a trial upon accusation; and in such case, if there be no accusation, the court is without jurisdiction because of a want of essential pleadings. Unless the defendant waived jury trial, the judge was without jurisdiction to try him, and there was no provision for trying him by jury until the "next term" of court following the time of filing the accusation. Until the arrival of such term, the law did not authorize the submission of the case to a jury for disposition upon its merits. It is insisted that the policy of the law is to try criminal cases speedily, and for this reason this act should not be construed so as to give the defendant a term. This position is not tenable. It was not so much a difficulty with the law as with its application to the case at bar. With a view of speedy trial, provision was made for both special and regular terms. It was not contemplated that the court should necessarily be in "regular term" when the accusation was filed and the inquiry with reference to jury trial made of the defendant. That could be done at any time. If no jury was desired, it was designed that the

judge could then convene a "special term" and try him; and if it happened to be in regular term, the judge could likewise try him; but in either event, if a jury should be demanded, the express provision is that the case should be tried at the "next term." To provide for such contingency and to avoid delay where the question should happen to be asked at a regular term, the "special term" feature of the law was no doubt taken into consideration by the legislature, with the view of enabling the court, if in its opinion the public interests required it, to call a special term and dispose of the case without waiting till the next regular term. There is nothing materially wrong about the act, and, if properly applied, it would bring about a speedy trial of the defendant either by a court or by a jury. The question now before us is only one of pursuing a plan which the legislature expressly directed; and accordingly we hold that when the defendant did not waive jury trial, it was out of the jurisdiction of the court to try him by jury during the same term of court at which the accusation was filed and the inquiry made of him by the judge with reference to the waiver of jury trial. In the case at bar it appears from the record that the defendant, in signing the plea and waiver of challenge to the array, also waived a jury trial. The waiver of jury trial was evidently an inadvertence, but nevertheless he was put on trial before a jury at the same term of court, over his objection to go to trial at that time. This does not alter the case. Had the judge, upon such waiver, proceeded to try him, that would be a different question. Such was not done. At that term the jury ought not to have had anything whatever to do with the case, regardless of the waiver. The defendant's exception raising this question being well taken, it is not proper to go into consideration of the other questions of the case.

*Judgment reversed. All the Justices concur.*