# STATE v. MARY LE FLOHIC.[1]

December 18, 1914.

Nos. 18,845—(4).

**Motion to dismiss indictment.**

1. The court did not err in denying defendant's motion to dismiss an indictment not tried within the time fixed by R. L. 1905, § 4786 (G. S. 1913, § 8510), and in holding that the state showed reasonable cause why it should not be dismissed.

**Evidence.**

2. The evidence justified the conviction.

Defendant was indicted by the grand jury, tried in the district court for St. Louis county before Cant, J., and a jury, and convicted of keeping a house of ill-fame. From an order denying her motion for a new trial, defendant appealed. Affirmed.

*John H. Norton,* for appellant.

*Lyndon A. Smith,* Attorney General, *Warren E. Greene,* County Attorney, and *Mason M. Forbes,* First Assistant County Attorney, for respondent.

DIBELL, C.

The defendant was indicted at the September, 1913, term of the district court of St. Louis county for keeping a house of ill-fame. When the indictment was called for trial at the January, 1914, term, she moved for a dismissal upon the ground that the indictment against her was not tried at the next term of the court at which it was triable. The motion was denied. The defendant was convicted. She appeals from the order denying her motion for a new trial.

1. The defendant based her motion for dismissal upon R. L. 1905, § 4786 (G. S. 1913, § 8510), which, so far as here material, is as follows:

"If indicted, and trial is not postponed upon his own application,

[1] Reported in 150 N. W. 171.

unless tried at the next term of the court in which it is triable, the indictment shall be dismissed, unless good cause to the contrary be shown."

Terms of the district court in St. Louis county convene in the months of September, November, January, March and May. The trial was continued from the September term to the November term at the request of the defendant. There was a trial at the November term which resulted in a disagreement.

The state contends that there was a trial in November within the meaning of the statute. There is authority for this contention. State v. Enke, 85 Iowa, 35, 51 N. W. 1146; Ochs v. People, 124 Ill. 399, 16 N. E. 662; Gillespie v. People, 176 Ill. 238, 52 N. E. 250. It was not urged below. We do not determine it, but pass directly to a consideration of the ground upon which the trial court placed its decision.

The phrase, "good cause to the contrary," contained in the statute, refers to cause shown when the motion to dismiss the indictment is made. When the defendant's motion was made it appeared from a colloquy between counsel, which it was agreed should stand for the purposes of the motion as if embodied in affidavit, in addition to facts before recited, that upon the disagreement of the jury it seemed impracticable to get another jury; that difficulty had been experienced in getting the jury which disagreed; that the facts claimed in connection with the prosecution were of notoriety in the community; that the county attorney did not move the case for trial; that the defendant did not ask another trial at that term; that nothing was done by either; and that the case was continued to the January term by a general order of continuance made at the close of the November term.

It was for the court to determine from the facts before it whether good cause was shown why the indictment should not be dismissed. There had been no considerable delay. There was no complaint that the defendant had not been accorded a speedy trial. She had not been urgent for an earlier trial. The prosecuting authorities had not been lax or dilatory. The state and the defendant were ready for trial. No prejudice was suggested because of the delay.

The motion to dismiss the indictment was not based on the provision of the Bill of Rights, art. 1, § 6, of the Constitution, guaranteeing a "speedy public trial." It was based upon the statute quoted. Whether a trial is a speedy trial within the Constitution is a judicial question. The legislature cannot say and does not say that a trial is speedy if had within the time and under the conditions mentioned in the section of the statute quoted. It does say, and it properly may say in regulating criminal procedure, that an indictment not tried as therein provided shall be dismissed.

Upon the facts disclosed when the motion was made the court was justified in finding that there was good cause why the indictment should not be dismissed.

2. It is claimed that the evidence is insufficient to justify a conviction. Naturally enough the witnesses were not the choicest. Their credibility and the weight of their testimony were for the jury. It is unnecessary to review the evidence. It is enough to say that the court has read it and is satisfied of its legal sufficiency.

Objections are made to rulings upon evidence. We have examined them and find nothing requiring mention.

The case was fairly and carefully tried and submitted to the jury and the conviction should stand.

Order affirmed.