## STATE v. WILLIAM H. KLOEMPKEN.[1]

### March 5, 1920.

### No. 21,516.

**Criminal law — dismissal of indictment improper.**

1. Section 8510, G. S. 1913, requires that an indictment be dismissed when defendant is not tried at the next term of court in which it is triable, "unless good cause to the contrary is shown." The trial was not had at the October, 1917, term of court because of the absence of a material witness, and was continued on the motion of the state. The trial was not had at the March or October, 1918, term, because defendant was in military service and was not available. *Held:* There was no error in denying the motion of defendant

[1] Reported in 176 N. W. 642.

to dismiss the indictment at either of those terms, nor in denying the motion at the March, 1919, term of court, when the trial was had. [Reporter.]

**New trial not required because of offer of evidence.**

2. The evidence sustains a verdict that defendant had carnal knowledge of a female child under 18 years of age on June 17, 1916. A new trial was not required because of the refusal of defendant's offer to show that the complaining witness gave birth to a child on February 4, 1917, as bearing on the probability of the act of intercourse on June 17, 1916, when the complaining witness testified to a former act of intercourse. [Reporter.]

Defendant was indicted by the grand jury of Carver county charged with the crime of carnal knowledge of a female child under the age of 18 years, tried in the district court for that county before Tifft, J., and a jury, and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*P. W. Morrison*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, and *W. F. Odell*, County Attorney, for respondent.

PER CURIAM.

The defendant was convicted of the crime of carnal knowledge of a female child under the age of 18 and appeals.

The defendant was indicted at the October, 1917, term and was tried at the March, 1919, term. There intervened the March and October, 1918, terms. Trial was continued over the October, 1917, term, upon the application of the state. At the March and October, 1918, terms the defendant moved for a dismissal, which was denied, and over his objection there was a continuance.

The defendant relies upon G. S. 1913, § 8510, which provides as follows:

"If indicted, and trial is not postponed upon his own application, unless tried at the next term of the court in which it is triable, the indictment shall be dismissed, unless good cause to the contrary be shown."

In State v. Le Flohic, 127 Minn. 505, 150 N. W. 171, the phrase "good cause to the contrary" was held to refer to cause shown upon the hearing of the motion to dismiss the indictment. The purpose of the statute is to secure a prompt trial. It is intended for the protection of the defendant and it should be enforced with the rights of the defendant in view. The defendant was ready for trial at the October, 1917, term, when there was a continuance on the motion of the state, because of the absence of a witness conceded to be material, but who was not called when the case was tried. At the March and October terms, 1918, the defendant was not in court. He was in service and was not available. This was when the motions to dismiss were made. Under these circumstances we cannot hold that there was error in denying

145 M—32.

the motion to dismiss the indictment at either of those terms, nor that there was error in denying the motion to dismiss at the March, 1919, term, when the trial was had.

The act of intercourse upon which a conviction was had occurred on June 17, 1916. The complaining witness testified to a prior act of intercourse. The defendant offered to show that she gave birth to a child on February 4, 1917, as bearing on the probability of the act of intercourse claimed on June 17, 1916. While this evidence might well enough have been received we are of the opinion that its importance was not such as to justify a new trial.

The defendant did not testify. It is claimed that the county attorney, in violation of the statute, commented to the jury upon the fact. The record does not sufficiently show a violation of the statute.

We have examined the evidence and find that it sustains the verdict. Order affirmed.