## STATE v. EUGENE ARTZ.[1]

January 12, 1923.

No. 23,334.

**Constitutional right to speedy trial denied defendant.**

1. Where a person is arraigned upon an indictment charging him with a felony, the case is set for trial on a day certain, and the accused appears personally with his attorney insisting upon trial, and the indictment is dismissed on motion of the prosecution and no further steps are had for the period of ten years, such a lapse of time amounts to a denial to the accused of the speedy trial granted him by section 6, article 1, of the state Constitution.

**Court has no discretion to deny that right.**

2. The right to a speedy trial is guaranteed by the Constitution to every person accused of a criminal offense, and the court has no discretionary power to deny him that right, except such temporary delays as arise from continuances or postponements for cause shown.

**Intent of Constitution.**

3. This provision in the Constitution is intended to avoid oppression and to prevent delays, by imposing upon the courts an obligation to proceed with reasonable dispatch in the trial of criminal accusations.

**Court determines whether speedy trial is denied.**

4. The period in which a speedy trial may be had, begins to elapse from the time the accused person evinces a readiness to go to trial,

[1] Reported in 191 N. W. 605.

and, whether a speedy trial is denied an accused person, is for the courts to determine.

In 1912 the grand jury of Goodhue county returned two indictments against defendant for murder in the first degree. To each accused entered a plea of not guilty. He was then tried upon the charge of killing Anton Schill and the jury returned a verdict of acquittal. When accused was to be tried upon the charge of killing Thressa Schill, the proceedings in court were as narrated in the second paragraph of the opinion. In 1922 the grand jury returned another indictment for the murder of Thressa Schill. When arraigned defendant pleaded as stated in the third paragraph of the opinion. The county attorney moved to strike out the pretended plea of jeopardy as frivolous. Defendant moved to quash the indictment. These motions were heard on affidavits and court records by Converse, J., who made findings, denied the motion to quash and certified the case to the supreme court. Reversed.

*A. J. Rockne* and *P. B. Green*, for appellant.

*Arthur E. Arntson*, County Attorney, *F. W. Wilson*, Special Assistant County Attorney, and *William M. Ericson*, for respondent.

QUINN, J.

On June 6, 1912, the grand jury of Goodhue county returned two indictments against the defendant, Eugene Artz, charging him with murder in the first degree, one for the shooting of Anton Schill, the other for shooting Thressa Schill, his wife. Each indictment charged the killing in the same manner and at the same time and place. The accused was duly arraigned upon both indictments and entered a plea of not guilty to each. He was then tried upon the charge of killing Anton Schill, and a verdict of acquittal was returned by the jury on the fourth of July, 1912.

Upon the return of such verdict, defendant demanded trial upon the indictment charging him with the killing of Thressa Schill, and the trial was set for July 12, 1912, at which time the case was duly called. The accused was personally present with his attorney and witnesses ready for trial, and so announced to the court. The prose-

cuting attorney then stated to the court that the state had no evidence to submit, except that introduced by the prosecution on the trial of the defendant for the murder of Anton Schill, and that it did not have sufficient evidence to warrant a conviction, and asked the court to dismiss the indictment, and the court ordered that: "The motion to dismiss the indictment will be granted and the prisoner discharged from custody." No reason for the dismissal was stated in the order, or entered upon the minutes as required by section 9220, G. S. 1913.

On October 6, 1922, the grand jury returned the indictment now under consideration, charging the accused with the murder of the same Thressa Schill, in the same manner and at the same time and place as charged in the indictment of June 6, 1912. The accused was then arraigned upon such indictment and entered a plea asking that the indictment be quashed and that he be discharged from custody, upon the ground and for the reasons: First, that he had been formerly indicted charged with the same offense, to which he had pleaded not guilty, and which indictment was dismissed upon the merits, and that such dismissal is a bar to the present indictment and prosecution; and, second, that when arrested and arraigned upon the indictment of June 6, 1912, he demanded the speedy trial guaranteed him by section 6, article 1, of the Constitution, which was denied and which he insists is a bar to a prosecution under the present indictment. The case was certified to this court for its opinion as to whether the above facts constitute a bar to a further prosecution on such charge.

Mr. and Mrs. Schill were husband and wife living in the town of Featherstone, in Goodhue county. They were found December 22, 1911, each having been shot to death with a rifle, apparently in the same manner and at the same time and place. The defendant was charged by separate indictments with having shot and killed each of the deceased persons. He was tried and on July 4, 1912, acquitted by the verdict of a jury of having killed the husband. During that trial the prosecution was conducted by able counsel and the state was given an opportunity to develop the circumstances of the tragedy. Thereafter when the defendant was called for trial

upon the charge of having killed the wife, the prosecution was represented by the same counsel. Under these conditions while the accused was insisting upon a speedy trial, the prosecuting attorney made the motion asking that the indictment be dismissed upon the ground that the state did not have evidence sufficient to warrant a conviction. The court then dismissed the indictment and discharged the defendant as before stated.

The motion to dismiss and the order of dismissal must be read together, in the absence of the cause of dismissal appearing in the minutes, as provided by the statute, for the purpose of determining upon what ground the dismissal was based. A majority of the court are of the opinion that the dismissal is not a bar to further prosecution of the accused upon the charge of murder contained in the indictment. The Chief Justice and the writer are of the opposite opinion, but concur in the view that the facts stated amounted to a denial of a speedy trial.

Upon the incoming of the verdict of acquittal in the Anton Schill case, the accused demanded trial on the Thressa Schill indictment, and the trial was set for July 12, 1912. The accused appeared personally and with his attorney, insisting upon a trial, when the indictment was dismissed and trial thereby denied the accused. It cannot be successfully contended but that the dismissal was based squarely upon the proposition that the state did not have sufficient evidence to warrant a conviction. The accused was powerless to prevent the dismissal. The only recourse left him was to resort to his constitutional right. He was entitled to a speedy trial. The court had no discretionary power to deny him that right. No showing was made why an earlier indictment or trial might not have been had. Twenty-two general terms of court, covering a period of more than 10 years, had passed since the dismissal. The contention that the dismissal disposed of the charge and interrupted the period for a speedy trial from elapsing, is untenable. A trial was being urged when the order of dismissal was announced. We know of no rule which could deprive an accused person of his right to a speedy trial. This right is guaranteed by the Constitution. This provision of the law is intended to avoid oppression and to prevent de-

lays by imposing upon the courts an obligation to proceed with reasonable dispatch in the trial of criminal accusations. State v. Campbell, 73 Kan. 688, 85 Pac. 784, 9 L. R. A. (N. S.) 533, 9 Ann. Cas. 1203; 8 R. C. L. 70. This provision does not require trial immediately upon the return of an indictment, or upon the arrest of an accused person. All that can be asked is that the trial shall take place without depriving the prosecution of a reasonable time for preparation. It does not contemplate that such right shall deprive the state of a reasonable opportunity to prosecute criminals. State v. Keefe, 17 Wyo. 227, 98 Pac. 122, 22 L. R. A. (N. S.) 896, 17 Ann. Cas. 161.

The period in which a speedy trial may be had begins to elapse from the time the accused evinces a readiness to go to trial. Whether an accused is denied a speedy trial is for the courts. State v. Le Flohic, 127 Minn. 505, 150 N. W. 171. We therefore hold that the time which has elapsed since the accused demanded a trial upon the charge with which he now stands indicted, is so unreasonable as to constitute a bar to further prosecution thereon. The ruling of the learned trial court upon the second question certified is reversed and the cause remanded with directions to discharge the defendant from further restraint.

HALLAM, J. (dissenting.)

I dissent.

It seems to me the whole question in this case is whether the dismissal of the indictment was a dismissal on the merits, or tantamount to an acquittal of the defendant of the crime of murder. If it was not, and if another indictment might later be found, the lapse of ten years cuts no figure, for there is no statutory limitation of time within which an indictment for murder may be found. The statute provides explicitly that "indictments for murder may be found at any time after the death of the person killed," G. S. 1913, § 9150, and:

A provision permitting an indictment without limit as to time has never been held to violate the constitutional right of a person accused to a speedy trial.

It seems to me the question is one of statutory construction.

We have two sections of statute relative to dismissal of indict-ments.

One is section 8510. It provides that if a person is indicted and the "trial is not postponed upon his own application, unless tried at the next term of court in which it is triable, the indictment shall be dismissed, unless good cause to the contrary be shown."

The other is section 9220, cited in the opinion, which provides that "the court may, either of its own motion or upon the application of the prosecuting officer, and in furtherance of justice, order an action after indictment to be dismissed."

It will be observed that in each case the language of the statute is that the indictment may be "dismissed." There is no provision as to the effect of the dismissal. In my opinion these statutes do not confer upon the court power to dismiss a criminal prosecution on the merits. They certainly do not do so unless the term "dismissal" in itself signifies dismissal on the merits. It seems clear that it does not. Any such construction would be contrary to the common use of that term in legal proceedings.

The decisions generally hold that the dismissal of an indictment is not on the merits unless the statute so provides. 16 C. J. 448, State v. Garthwaite, 23 N. J. Law, 143; In re Garvey, 7 Colo. 502, 4 Pac. 758. And that a dismissal entered before the jury are impaneled and sworn is not equivalent to an acquittal and does not bar a subsequent prosecution for the same offense. 1 Wharton, Crim. Law 394 and notes; 1 Bishop, Crim. Law, § 1014; 16 C. J. 248; State v. Main, 31 Conn. 572; Dye v. State, 130 Ind. 87, 29 N. E. 771; State v. Ingram, 16 Kan. 14; Commonwealth v. Scott, 121 Mass. 33; People v. Kuhn, 67 Mich. 463, 35 N. W. 88; State v. Hodgkins, 42 N. H. 474; State v. Smith, 170 N. C. 742, 87 S. E. 98; State v. Reinhart, 26 Ore. 466, 38 Pac. 822; Montgomery v. State, 128 Wis. 183, 107 N. W. 14. The same rule is to be inferred from the decision of this court in State v. Peterson, 61 Minn. 73, 77, 63 N. W. 171, 28 L. R. A. 324. If the statute gives to the court power "of its own motion" to and upon the ground only that he deems it "in further-ance of justice" to effect by simple order an acquittal of a person

charged with murder, it gives indeed large power. Such power is not in terms given. It should not rest in doubtful implication.

The purpose of the statutes cited is to effect speedy disposition of pending criminal prosecutions with their incidental restraint of liberty of persons accused, and this is what the Constitution requires. The Constitution does not impose any requirement that the disposition of a first indictment shall operate as a finality to prosecution of the accused. My understanding is that no former proceeding is a constitutional bar to criminal prosecution, unless it be such that the accused is being put twice in jeopardy in violation of article 1, section 7 of the Constitution.

DIBELL, J. (dissenting.)
I dissent.