COLVIN et al, Plaintiffs, v. CALLAHAN, State's Attorney,
Defendant.

(191 N. W. 948.)

(File No. 5289.   Opinion filed January 13, 1923.)

1. **Criminal Law—Prosecuting Attorney—Information—Prosecuting Attorney Must File Information Against Parties Bound Over or State Reasons.**

    Under Rev. Code 1919, Sec. 4706, it is clearly the duty of the state's attorney of the proper county either to file an information against parties bound over to that term of the court or to file the statement required by the statute of his reasons for not filing the information.

2. **Criminal Law—Constitutional Law—Trial—Information—Preliminary Hearing—Speedy Trial—Doubt as to Time For Filing Information Should be Resolved in Favor of Speedy Trial.**

    In view of Const., art. 6, Sec. 7, guaranteeing a speedy public trial, and section 20, requiring justice to be administered without delay, any doubt as to whether Rev. Code 1919, Sec. 4807, requires the information to be filed at the term of court pending when the preliminary examination was held or the next subsequent term should be construed favorably to a speedy trial.

3. **Criminal Law—Information—Prosecuting Attorney—Speedy Trial —Information Should be Filed at Pending Term to Which is Bound Over.**

    Under Rev. Code 1919, Sec. 4807, providing that when a person has been held to answer for an offense, and an indictment or information is not filed against him at the next term of the court at which he is held to answer, the prosecution must be dismissed, it is the duty of the prosecuting attorney to file the information at the term of court which was pending when the preliminary examination was held, and to which accused was bound over to answer, and not the term beginning after the preliminary examination.

Original proceeding in mandamus by A. H. Colvin and others against J. F. Callahan, as State's Attorney for Stanley County. Writ issued.

*A. K. Gardner,* of Huron, and *Martens & Goldsmith,* of Pierre, and *H. J. Bushfield,* of Miller, for Plaintiffs.

*James F. Callahan,* State's Attorney of Stanley County, and *E. W. Fisk,* of Sioux Falls, for Defendant.

GATES, J.   This is a proceeding in mandamus to compel the state's attorney of Stanley county to file an information in the circuit court of Stanley county against these plaintiffs, who

have been bound over to said court upon the charge of murder. On October 8, 1922, separate complaints against these plaintiffs were filed in justice court, but before the hearings they were dismissed. On October 26, 1922, a new complaint was filed, charging these plaintiffs jointly with the commission of said crime. A preliminary hearing was had in justice court, and on October 30, 1922, they were bound over to said circuit court; and were afterwards released on bail. Pursuant to the provisions of section 5184, Rev. Code 1919, as amended by chapter 180, Laws 1921, and a certificate filed in the Supreme Court by the presiding judge of the Sixth judicial circuit, showing his disqualification to preside at the trial of said action, we made an order designating Judge Miser of the Seventh judicial circuit as the judge to preside at said trial. On December 20, 1922, Judge Miser presided over the circuit court of Stanley county, but no information by the state's attorney had been filed against these plaintiffs under said charge. The state's attorney stated that he did not intend to file the information at this term, and would not do so unless compelled by court order, and that under section 4807, Rev. Code 1919, he had until the next term of court to file it. These plaintiffs thereupon moved that the state's attorney be required to file the information or apply for a dismissal under the provisions of section 4706, Rev. Code 1919. The court denied the motion. Hence this application.

By section 5175, Rev. Code 1919, there are two terms of court each year in Stanley county; one beginning on the first Tuesday of October, the other on the second Tuesday of March. At all the times herein mentioned the October term of said court was and still is pending. By section 4702, Rev. Code 1919, informations in the circuit court must be filed by the state's attorney during a regular or special term of court.

[1]     Section 4706, Rev. Code 1919, provides:

"It shall be the duty of the state's attorney of the proper county to inquire into and make full examination of all the facts and circumstances connected with any case of preliminary examination touching the commission of any offense whereon such offender shall be committed to jail or held to bail, and if the state's attorney shall determine in any such case that an information ought not to be filed, he shall make, subscribe and file with the

court a statement in writing containing his reasons for not filing an information in such case, and such statement shall be filed at and during the term of the court at which the offender shall be held for appearance. The court must then examine such statement together with the evidence filed in the case and if upon such examination the court shall not be satisfied with said statement the state's attorney shall be directed by the court to file the proper information and bring the case to trial."

It is entirely clear from this section that the statement therein mentioned should be filed at the present October term of said court by the state's attorney if he shall determine that an information ought not to be filed against these plaintiffs pursuant to such preliminary examination and binding over. The inference is plain that if he does not file such statement he should file the information.

[2, 3]  Section 4807, Rev. Code 1919, provides:

"When a person has been held to answer for a public offense, if an indictment or information is not filed against him *at the next term of the court at which he is held to answer,* the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

Plaintiffs contend that this section requires the information to be filed at this October term, while the defendant contends that he may file it at the March term, and that he cannot be compelled to file it until said term. Section 7 of article 6 of the Constitution guarantees to an accused "a speedy public trial," and section 20 of the same article requires right and justice to be "administered without denial or delay." If there be doubt as to the meaning of said section 4807, such doubt ought, in view of these sections of the Bill of Rights, to be construed favorably to a speedy trial. To justify the contention of defendant the italicized portion of said section 4807 would have to be changed so as to read "at the next term of court after which he is held to answer." On the other hand, whatever doubt there may be as to the meaning of the italicized words is occasioned by the use of the word "next." We think, however, there is no serious doubt as to their meaning. We think that if an accused is bound over during the interim between terms of court the information must be filed (unless good cause to the contrary is shown) at the

next term, and that if an accused is bound over during the pendency of a term of circuit court the information should be filed at that term. In the present case the October, 1922, term of the circuit court of Stanley county is "the next term of court at which" these plaintiffs were held to answer by the order of the committing magistrate. No cause has been shown why the said information should not be forthwith filed.

We are therefore satisfied that it is our duty to issue the writ sought. It will be so ordered.

Note—Reported in 191 N. W. 948. See American Key-Numbered Digest, (1) Criminal Law, Key-No. 576(6), 16 C. J. Sec. 811; (2) Criminal Law, Key-No. 576(9), 16 C. J. Sec. 798; (3) Criminal Law, Key-No. 576(9), 16 C. J. Sec. 810.