STATE, Respondent, v. RYAN, Appellant.

(200 N. W. 1018.)

(File No. 5532.   Opinion filed December 5, 1924.)

1. **Criminal Law—Evidence—Questions Touching Conduct, Statements, or Silence of Accused and Wife at Time of Arrest, Material and Relevant.**

    Where accused and wife, when he was arrested made no explanation as to liquor found in their automobile, questions to wife as witness as to why she did not then disclaim knowledge concerning it was proper, as calling for fact tending to show guilty knowledge.

2. **Criminal Law—Trial—Appeal and Error—Court's Statement Interrupting Counsel During Argument, Not Held Prejudicial Where Argument and Instructions Not in Brief.**

    Court's statement, during argument of counsel, that state need not prove how liquor got into defendant's car, but only that it was found there, cannot be considered prejudicial, though possibly misleading, where counsel's remarks and court's instructions are not presented in appellant's brief.

3. **Intoxicating Liquors—Criminal Law—Evidence Held Sufficient to Sustain Conviction of Possessing Liquors in Public Place.**

    Evidence held sufficient to support conviction of keeping and having in possession intoxicating liquor in public place.

Appeal from Circuit Court, Roberts County; Hon. R. D. GARDNER, Judge.

Thomas Ryan was convicted of keeping and having in his possession intoxicating liquor at a public place, and he appeals. Affirmed.

*Jorgenson & Anderberg,* of Sisseton, for Appellant.

*Buell F. Jones,* Attorney General, and *B. A. Brown,* Brief Attorney, of Pierre, for Respondent.

GATES, J.   Defendant appeals from the judgment and from an order denying new trial.   He was charged and convicted of keeping and having in his possession intoxicating liquor at a public place.   The evidence tended to show that a Fourth of July celebration, 1922, was held at Long Hollow near Sisseton; that defendant with his wife and small child drove there in an automobile in in the evening leaving the car near the bowery where a dance was being conducted; that later in the evening the sheriff and his deputy came to the car wherein the wife and child were in

the rear seat and defendant was standing near. The testimony of the sheriff as to the subsequent events was as follows:

"I said to him, 'They tell me you are selling booze out of the car;' and he said, 'Who said so?' and I said, 'The Indians said so'; and he said, 'What Indian said so?' and I said, 'I don't know, but I guess I will have to look you over'; and I asked him if this was his Ford, and he said it was, and his wife was sitting in the Ford, and he said, 'I will have to let you look, if you are bound to'; and I looked, looked at the front seat, and under the cushion, and looked through the tonneau, and felt over the floor, and finally I put my hand behind Mrs. Ryan's heels, and found this quart bottle of booze. I would say it is moonshine whiskey. It is intoxicating. I said, 'What do you call this?' and he said, 'That is a bottle'; and I told him to smell of it, and I said to him, 'This looks kind of bad, and I guess I will have to put you under arrest and take you down to Sisseton'; and he said, 'Well, all right'; and I proceeded to do so shortly afterwards."

Many other cars were parked near there and many people were going back and forth around there. Both defendant and his wife testified that they did not put the bottle in the car and did not know it was there.

[1] Appellant complains of the overruling of his objections to the following questions propounded to the wife:

"Why didn't you tell him [the sheriff] you did not know anything about the bottle?"

"Before you allowed the sheriff to take it away were you making any complaint to him about whose bottle it was?"

The conduct of appellant and of his wife, their statements and their silences at the time of the finding of the bottle, and of appellant's arrest, were relevant and material to the question of guilty knowledge of appellant's possession of the liquor. 22 C. J. 321. The trial court did not err in permitting answers to those questions.

[2] During the argument to the jury by appellant's counsel the trial court interrupted the speaker and said:

"Gentlemen of the jury: The state does not have to prove how the bottle got into the car, all they have to prove is that it was found there."

The appellant excepted thereto, and now assigns as error, as follows:

"Because the same is prejudicial to the defendant and does not correctly state the law as it is, as it causes the jury to believe whether the defendant knew of the presence of the said bottle or not, would be immaterial; it being the contention of the defendant that before he could be guilty of violating the law he must have wilfully and unlawfully had this bottle in his possession."

Trial court's rule 28 (40 S. D. prelim. p. 28) provides:

"Counsel in arguing the case may argue and comment upon the law as given in the instructions of the court, as well as upon the evidence in the case; but in no case, except in trials for libel, should counsel be permitted to argue or contend before the jury that the law governing the case is other or different than that settled and given by the trial court in the instructions. The court will see that this rule is strictly complied with."

In making the interruption the trial court was evidently trying to enforce that rule. The bare statement "all they have to prove is that it was found there" disconnected from the instructions as settled and given to the jury and disconnected from the remarks of counsel which called it forth, might possibly have been misleading, but appellant is not in position to urge prejudicial error for the reason that the instructions as settled and given are not contained in appellant's brief. Peterson v. Miller, 33 S., D. 397, 146 N. W. 585. Nor are the remarks of counsel which prompted the interruption set forth in the brief.

[3] Finally appellant urges that the evidence was insufficient to sustain the verdict. On the one hand is the conceded finding of the liquor in appellant's car, together with the statements and conduct of himself and wife at the time of the seizure and arrest. On the other hand is the testimony of appellant and of his wife denying knowledge of the presence of the liquor in the car. This situation presents simply a question of the credibility of the witnesses. It is not our province to say that the jury erred in disbelieving the testimony of appellant and his wife.

The judgment and order appealed from are affirmed.

Note.—Reported in 200 N. W. 1018. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-Nos. 407(1), 410, 16

C. J. Sec. 1268, Evidence, 22 C. J. Sec. 357; (2) Criminal law, Key-No. 1130(2), 17 C. J. Sec. 3493; (3) Intoxicating liquors, Key-No. 236(6½), 33 C. J. Sec. 505.