## JAMES ROBERTSON v. MORRIS POSNICK AND ANOTHER.[1]

December 16, 1927.

No. 26,412.

**Assignments of error fatally defective.**

No question as to sufficiency of evidence to support findings of court in favor of plaintiff was raised by defendants' assignments of error. [Reporter]

Action in the municipal court of Minneapolis to recover certain expenses paid by plaintiff as attorney for defendants. There were findings for plaintiff, and defendants appealed from an order, Fosseen, J. denying their motion for a new trial. Affirmed.

*Friedman & Segal,* for appellants.

*Robertson & Bonner,* for respondent.

PER CURIAM.

In 1920 the plaintiff was attorney for Michael Weisman charged in the United States court with the violation of the prohibition act. The two defendants here were also defendants represented by other counsel. There was a third group of defendants represented by other counsel.

By his first cause of action the plaintiff claims that it was agreed that a court reporter should be hired, the government furnishing none, and that each set of defendants should pay one-third of his charges, the third amounting to $191.67. The plaintiff paid all and seeks to recover one-third from the defendants. The evidence sustains his claim.

In his second cause of action the plaintiff claims that the litigation involved the smuggling of liquor across the Canadian border and that under a similar agreement, apparently between himself and the other two sets of attorneys, a certain person who had been in the employ of the United States government as a customs agent and was familiar with customs laws and usages was to sit in the case and advise them as to the law, and the defendants were to pay one-third of his charges. He charged $550, which the plaintiff paid, and the court found for him against the defendants for $183.33.

We do not go into the merits of this cause of action. By no possibility can it be held that the defendants' assignments of error raise any question as to the sufficiency of the evidence or as to a ruling of the court.

Order affirmed.

[1]Reported in 216 N. W. 787.