## STATE v. BIERNEY McTAGUE.[1]

December 16, 1927.

No. 26,294.

**That accused is in prison not a reason for delaying his trial for another crime.**

[1] The fact that a defendant is in prison for one crime is not cause for the state to delay his trial for another crime.

**Defendant not entitled to have his motion to dismiss indictment granted.**

[2] In the absence of a demand for trial or opposition to postponements, a defendant in a criminal prosecution is not in a position to successfully move that the indictment be dismissed upon the ground that he is denied a speedy trial.

**Defendant has waived his right to speedy trial.**

[3] The defendant's silence, in the face of numerous continuances and long delay, waives the right to a speedy trial.

Criminal Law, 16 C. J. p. 443 n. 49; p. 445 n. 79; p. 448 n. 50, 52.
Good, 28 C. J. p. 718 n. 82.

See note in 56 L. R. A. 538; 44 L.R.A.(N.S.) 871.

The district court of Todd county, Roeser, J. denied the motion of the defendant to dismiss three indictments against him and certified the question involved to this court for decision. Affirmed.

*F. M. Ridgway* and *F. J. Donahue,* for defendant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *William M. Wood,* County Attorney, for the state.

WILSON, C. J.

The court denied defendant's motion to dismiss three indictments against him and certified the question involved to this court for decision.

[1]Reported in 216 N. W. 787.

In September, 1922, the grand jury of Todd county returned four indictments against defendant accusing him of (1) murder, (2) burglary, (3) grand larceny, and (4) possession of burglary tools. Upon arraignment defendant entered his plea of not guilty to each of the indictments. His immediate trial upon the first indictment resulted in his conviction of murder in the third degree. He was sentenced and committed to the state penitentiary where he has ever since been confined in penal servitude.

The other three cases against the accused remained upon the district court calendar to and including the March, 1924, term of court, having been continued upon motion of the county attorney from term to term without notice to defendant. The county attorney caused the cases to be replaced upon the calendar for the February, 1927, term, a motion having been made for an order dismissing the indictments. Defendant's application for the dismissals rests upon the claim that the defendant has not been given a speedy trial within contemplation of the law.

Aside from the constitutional provisions (U. S. Const. Amend. VI, and art. 1, § 6, Minn. Const.) we have a statute which entitles a defendant to a prompt trial "unless good cause to the contrary be shown." G. S. 1923, § 9954. "Good cause" means a substantial reason—one that affords a legal excuse. The suggestion that defendant could not be tried because he was in state prison is without substance. The state that holds him in prison is the same state that prosecutes these indictments. His imprisonment could not be used by him as an excuse to avoid trial, much less by the state.

The constitutional and statutory provisions for a speedy trial are for the protection of the defendant, but that does not mean that the state is the only one that may initiate action. There is really no reason for the courts to free an accused simply because a dilatory prosecutor has "gone to sleep at the switch" (no reference to counsel in this case) while the defendant and his counsel rest in silence. We hold that these solicitous provisions are not to be used as offensive weapons, but are for the benefit of defendants who claim their protection. They are a shield, and as said in State v.

Rowley, 198 Iowa, 613, 615, 198 N. W. 37, 199 N. W. 369, they "must not be left hanging on the wall of the armory." There is no just reason why an accused should not demand a trial, resist a postponement, or take some action indicating to the court that he believes he is being deprived of his statutory or constitutional rights as a foundation for his application for a dismissal. The right to a speedy trial is valuable, and it will be zealously guarded by the courts with resolute courage. It is for the protection of personal rights, not to embarrass the administration of the criminal law nor to defeat public justice. It is a privilege to the accused. If he does not claim it, he should not complain. It may be waived. The statute is a means of enforcing the constitutional provision. The spirit of the law is that the accused must go on record in the attitude of demanding a trial or resisting delay. If he does not do this he must be held, in law, to have waived the privilege. Until he has so acted the state is not called upon to establish the existence of the statutory "good cause." State v. Artz, 154 Minn. 290, 191 N. W. 605; State v. Dinger, 51 N. D. 98, 199 N. W. 196, and cases cited; 44 L.R.A.(N.S.) 871, note. Upon the record defendant was not entitled to the relief sought.

Affirmed.