## STATE Respondent, v. SMITH, Appellant.

### (18 N. W.2d 246.)

(File No. 8712. Opinion filed April 16, 1945.)

**Charles Lacey,** of Sioux Falls, for Appellant.

**George T. Mickelson,** Atty. Gen., **Charles P. Warren,** Asst. Atty. Gen., and **John R. McDowell,** State's Atty., of Sioux Falls, for Respondent.

ROBERTS, J.  Defendant was convicted in the municipal court, city of Sioux Falls, upon a charge of selling intoxicating liquor without a license and from the judgment of conviction he appeals.

On February 3, 1944, defendant was brought before the court for arraignment, at which time he demanded a jury trial.  Defendant was held to answer on January 31, 1944, and the information was filed on February 3, 1944.  Counsel for defendant insisted that the action was not triable at the February term, which convened on the first day of that

month. This contention was based upon the provisions of SDC 34.3304 which provides that "when a jury trial is demanded for trial of a criminal action in municipal court, the action shall be tried at the next regular term of court, unless for good cause shown the trial be postponed by order of the court." By SDC 34.3303, it is provided that "all criminal actions in which the defendant enters the plea of guilty, or in which he does not demand a jury trial at the time or before entering the plea of not guilty, may be heard and determined by the court, without a jury, on any business day in term time or vacation."

SDC 33.2805 provides:

"The municipal court shall be open every business day for all purposes within its jurisdiction, except the trial of actions in which any party is entitled, as a matter of right, to a trial by jury and has demanded such trial.

"General terms for the trial of actions in which issue is joined shall be held on the first Tuesday of each month, and at such other times as the court may prescribe. No general term need be held during the month of August."

This statute fixes terms of municipal courts for purposes connected with jury trials. Municipal courts are declared for all other purposes to be open on every business day.

Counsel for the state in support of the decision of the trial court contend that it is the policy of the law that a person charged with crime should have a speedy trial (Sec. 7, Art. 6, State Constitution; Colvin v. Callahan, 46 S. D. 221, 191 N. W. 948) and that the provisions of § 34.3304, supra, are intended to secure such a trial. The procedure in municipal court is governed by statutory provisions relating to criminal prosecutions in the circuit court except as otherwise specially provided. SDC 34.3301. Under the provisions of SDC 34.2202, an accused is entitled to a dismissal in the circuit court if his right to speedy trial is violated. That section in part reads: "If a criminal action, unless postponed upon defendant's application, is not brought to trial during or before the second term after the one at which the indictment or information is filed, the court must order the prosecution dismissed * * *." The theory of counsel is that Section 34.3304, supra, amends the provisions of the section quoted

in its application to municipal courts and that a reason too for this statute is that if no jury has been called for the term at which a demand for jury trial is made, the case can be set down for trial not later than the next term, but if a jury has been called for the current term the case may be called for trial unless for good cause shown the trial is postponed. Counsel argue that this intention is made more apparent by the provision that trial may be further delayed where good cause for postponement is shown to the court; that denial of such right would be error; and that the statute so construed would not deprive an accused of a reasonable time and opportunity to prepare for trial.

■ ■ The language of Sections 34.3303 and 34.3304, supra, is plain and direct, leaving no doubt that the Legislature intended that if a jury trial is waived the court may proceed to try the action, but if accused demands a jury trial the action must be set down for trial at the next regular term and this refers to the regular term succeeding the one at which the demand is made. Heywood v. State, 125 Ga. 262, 54 S. E. 187; State v. Breaw, 45 Ore. 586, 78 P. 896. Referring to a similar statute the court in Heywood v. State, supra [125 Ga. 262, 54 S. E. 188], said: "The question now before us is only one of pursuing a plan which the Legislature expressly directed, and accordingly we hold that, when the defendant did not waive jury trial, it was out of the jurisdiction of the court to try him by jury during the same term of court at which the accusation was filed and the inquiry made of him by the judge with reference to the waiver of jury trial." There can be no doubt upon this record that defendant could not be tried at the February term. The fact that a jury panel was present at that time is of no controlling importance.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

SMITH, P.J., and RUDOLPH, J., concur.

SICKEL, J., dissents.

POLLEY, J., not sitting.

SICKEL, Judge, (dissenting). The only question presented on this appeal is the meaning of the language used

in SDC 34.3304 which provides that when a jury trial is demanded in a criminal action "the action shall be tried at the next regular term of court." The majority opinion states that: "If accused demands a jury trial the action must be set down for trial at the next regular term and this refers to the regular term succeeding the one at which the demand is made." In this case the defendant was held to answer at the January term. The information was filed, and he was arraigned at the February term, and at that time he demanded a jury trial. According to the majority opinion the defendant could not have been tried until the March term.

This court has said that statutes using the phrase, next term of court, and similar language in relation to the filing of informations and the time of trial of criminal actions, are to be construed as providing for "a speedy public trial" as guaranteed by the constitution. It was said in the case of Colvin v. Callahan, 46 S. D. 221, 191 N. W. 948; 949, that:

"If there be doubt as to the meaning of said section 4807, such doubt ought, in view of these sections of the Bill of Rights, to be construed favorably to a speedy trial. * * * If an accused is bound over during the pendency of a term of circuit court the information should be filed at that term. In the present case the October, 1922, term of the circuit court of Stanley county is 'the next term of court at which' these plaintiffs were held to answer * * *."

In my opinion the majority of the court decided this case contrary to the rules stated in the Callahan case. Instead of construing the statute so as to permit a trial at the earliest regular session of the court at which the case could be tried, and not later than at the next succeeding term, the opinion interprets the statute to mean that the defendant may not be tried until the court convenes at a regular term which has not yet commenced. If the statute were given the construction indicated by the Callahan case, the right to a speedy trial would be preserved, and at the same time the right of the defendant to ample time in which to prepare for trial would be protected by the provisions of law allowing postponements. For these reasons it is my opinion that the judgment should be affirmed.