STATE, Respondent v. WERNER, Appellant

(105 N.W.2d 668)

(File No. 9836. Opinion filed November 1, 1960)

**George D. Weisensee,** Sioux Falls, for Defendant and Appellant.

**Parnell J. Donohue,** Atty. Gen., **Marshall M. Gerken,** Asst. Atty. Gen., **William Clayton,** State's Atty., Sioux Falls, for Plaintiff and Respondent.

BIEGELMEIER, J.   On August 17, 1958 defendant escaped from the State Penitentiary while serving a five-year sentence on eight counts of grand larceny. He was later apprehended and returned to the penitentiary. On September 8, 1958 a preliminary complaint was filed against him in the Municipal Court at Sioux Falls, South Dakota, charging him with the crime of escape. He appeared with an attorney and on October 30, 1958 was bound over to the next term of the circuit court of Minnehaha County. Jury terms of that court are held the third Monday of January, and the second Mondays of May and September. No indictment or information was filed against him at the January 1959 term. At the May 1959 term the clerk's minutes show that defendant was present in circuit court and a deputy state's attorney appeared for the state; defendant not being then represented by counsel, the court deferred arraignment to June 1, 1959 at two p.m. in order to give defendant time to employ an attorney. The court advised defendant if he did not have means to employ an attorney, the court would appoint one for him. These minutes next show at the September 1959 term defendant was present in court with his attorney who made a motion for dismissal because no

information had been filed and the court dismissed the case "provided this dismissal is not the bar to another prosecution". No such order appears in the record. These proceedings were in conformity with the following statutes:

SDC 34.2201: "When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of the court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

SDC 34.2203: "* * * An order for the dismissal of the action, as provided in this chapter, is not a bar to another prosecution for the same offense."

On September 14, 1959, the same day of the dismissal entry, another preliminary complaint was filed in the municipal court charging the same offense. Defendant appeared by person and his attorney; after a preliminary hearing he was held to answer the charge. On October 5, 1959 an information charging the offense of escape was filed in circuit court and defendant arraigned thereon. Through his attorney he moved to dismiss the information for the reason the bringing of the charge by a new complaint was a violation of defendant's rights under Art. VI, Section 7 of the South Dakota Constitution and the Sixth Amendment of the Constitution of the United States. This motion was denied. He then entered pleas of not guilty and not guilty by reason of insanity. A jury found him guilty and he was sentenced to one year in the penitentiary. Defendant petitioned the trial court for appointment of counsel to prosecute an appeal as an indigent defendant, which that court granted. This appeal followed.

Defendant's only claim is that he was denied his constitutional right of a speedy trial. Art. VI, § 7 of our

Constitution provides in part that "In all criminal prosecutions the accused shall have the right * * * to a speedy public trial * * *." Defendant argues that the legislature has by SDC 34.2201 attempted to define unreasonable delay, that any further delay cannot become reasonable by virtue of the quoted clause of SDC 34.2203 under the pretense that the second prosecution is a new and different action; that, in effect that clause is unconstitutional. In our opinion the legislature did not intend to define the constitutional term "speedy" trial in SDC 34.2201 even if it were within its power. These provisions were in our code before our constitution was adopted in 1889 as sections 596 and 601, Revised Codes of 1877. See People v. Romero, 13 Cal.App.2d 667, 57 P.2d 557. It was merely enacting statutes governing the procedure in criminal actions. Such a construction would severely restrict the time limitations within which prosecutions must be commenced, SDC 34.07. Had the offense been murder, a dismissal at the May 1959 term would have shortened the time which is without limitation, to less than nine months after the offense and four months after the failure to file the information on January 19, 1959. This contention is unsound. The legislative intent is apparent when it (SDC 34.2203) directs the defendant if in custody be discharged, or if admitted to bail, that it be exonerated. Another prosecution if not barred by the statutes of limitation may then be commenced. A similar statute in California provided that criminal prosecutions be dismissed within ninety days after written request and that such orders were not a bar to another prosecution if the offense was a felony. The court held the dismissal not a bar and the effect given the statute did not deprive defendant of a speedy trial. People v. Godlewski, 22 Cal.2d 677, 140 P.2d 381. Whether a speedy trial is denied is for the courts to determine. State v. Le Flohic, 127 Minn. 505, 150 N.W. 171; State v. Artz, 154 Minn. 290, 191 N.W. 605. What is reasonable speed under the constitution depends on the circumstances surrounding each particular case. State v. Lamphere, 20 S.D. 98, 104 N.W. 1038; People v. Romero, supra. Under the circumstances in

this case defendant was not denied a speedy trial. The first time he could have been tried was at the January 1959 term; the record is silent as to what occurred then. At the next term in May he had no counsel and arraignment was deferred to June 1 by the court to give him time to employ one. The record is also silent as to the result of this deferment except a volunteer statement of the prosecuting officer that defendant appeared by at least three attorneys and requested that it be passed to the following term. This is an unsatisfactory record of the proceedings but the deferment was for his protection and convenience. At no time did defendant request or suggest that the state proceed with the trial. He was not being held in custody awaiting trial; he was serving his prior sentence. The new complaint was filed within eight months and the trial held within nine months of the time when it could first have been tried. Our statutes permit seven, eight and twelve months to elapse between terms of court in some circuits. SDC 32.04.

■ ■ It should be understood that the right to a speedy trial as granted by the constitution applies to every accused; a person restrained of his liberty by the same sovereign is not excepted from this right, Ex parte Schechtel, 103 Colo. 77, 82 P.2d 762, 118 A.L.R. 1032, and unreasonable delay may deny the state a trial on the merits. Successive prosecutions and dismissals to that end would not be permitted. See State v. Deloria, 129 Wash. 497, 225 P. 405; Ex parte Warrenburg, 63 Okl.Cr. 125, 73 P.2d 476; State v. Dickson, Okl.Cr.App., 332 P.2d 1109; see notes 13 Okl.L. Rev. 325 and 118 A.L.R. 1037. As here applied SDC 34.2203 is not unconstitutional.

In his argument defendant cites State v. Artz, supra, and Smith v. State, 168 Tenn. 265, 77 S.W.2d 450. They are based on facts much different than the case at bar. In the Artz case defendant was indicted for the murder of two persons committed at the same time. He was tried on one indictment and acquitted. Defendant insisted upon a speedy trial of the second charge. The prosecuting attorney stated

he had no evidence to submit except that introduced at the first trial and insufficient evidence to warrant a conviction; he asked for and the court granted a dismissal. Ten years and twenty-two court terms later another indictment was returned. In the Smith prosecution fourteen years elapsed between the first and second indictments. It does not appear that Illinois had a statute similar to our SDC 34.2203 when the cases cited by appellant were decided. The recent opinion of the New York Court of Appeals, People v. Prosser, 309 N.Y. 353, 130 N.E.2d 891, 57 A.L.R.2d 295, held six year's delay denied a speedy trial. Some of its reasoning holds a warning for such delays. Our conclusion is dictated by the present record.

■ The Sixth Amendment to the Constitution of the United States has no application to proceedings in state courts. State v. Gaetano, 96 Conn. 306, 114 A. 82. 15 A.L.R. 458; State v. Swain, 147 Or. 207, 31 P.2d 745, 93 A.L.R. 921; State v. Ziesemer, N.D., 93 N.W.2d 803. See Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed. 2d 684.

Affirmed.

All the Judges concur.