STATE, Respondent v. FOGG et al., Appellants

(115 N.W.2d 889)

(File No. 9949. Opinion filed June 27, 1962)

**Acie W. Matthews,** Sioux Falls, for Defendants and Appellants.

**A. C. Miller,** Atty. Gen., **Donald J. McClure,** Asst. Atty. Gen., Pierre, **William F. Clayton,** State's Atty., **Roger A. Schiager,** Asst. State's Atty., Sioux Falls, for Plaintiff and Respondent.

HANSON, J. Defendants were jointly charged with the crime of burglary. Both were found guilty and both appeal.

Police officers discovered a break-in at the Buffalo Bar in Sioux Falls early in the morning of January 26, 1961. The rear door had been pried open by a tire iron which was found inside. Some quart bottles of whiskey off the back

bar, cigarettes, and $17.40 in change were taken. Defendants Fogg and Zimmerman were arrested in a cafe about 6:00 o'clock that morning on suspicion of having committed the burglary. They had a quart bottle of Seagram's Seven Crown whiskey with a bar type pourer in their possession and $6.40 in change was found in defendant Fogg's boot.

Defendants were arraigned in municipal court on January 27, 1961 and counsel was appointed to represent them as indigent defendants. A preliminary hearing was held on February 3, 1961 at which time defendants were held to answer for the charge of burglary in the third degree. On that day defendants' counsel orally requested the assistant state's attorney to file an information forthwith. On February 6th defendants' counsel again orally and in writing demanded the state's attorney file an information during the pending January term of circuit court. No information was filed at the January term during which the jury was periodically in session from January 23rd to March 7th. The information was filed on the first day of the succeeding May term and defendants' trial commenced on May 17, 1961. In the meantime defendants were kept confined in the Minnehaha County jail as they were unable to furnish bond.

At the commencement of trial defendants moved to dismiss the information upon grounds they had been denied their right to a speedy trial in violation of Section 7, Article VI of the South Dakota Constitution and in violation of SDC 1960 Supp. 34.2201 which provides as follows:

> "When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of the court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

The showing of the state's attorney in resistance was to the effect that one assistant state's attorney had died and another had resigned leaving only himself and one assist-

ant to handle the entire work of his office; and there was a large criminal calendar at the January term including a murder case, a first degree rape case and four cases in which pleas of not guilty by reason of insanity had been interposed all of which required extra preparatory work for the State. The trial court denied the motion to dismiss.

Defendants rely on the case of Colvin v. Callahan, 46 S.D. 221, 191 N.W. 948, as authority for their contention that the January 1961 term of circuit court was the next term of court at which they were held to answer within the contemplation of SDC 1960 Supp. 34.2201. Colvin v. Callahan was a mandamus proceeding in which this court did interpret the phrase "at the next term of the court at which he is held to answer" to mean that "if an accused is bound over during the interim between terms of court the information must be filed (unless good cause to the contrary is shown) at the next term, and that if an accused is bound over during the pendency of a term of circuit court the information should be filed at that term." However, in State v. Smith, 70 S.D. 402, 18 N.W.2d 246, this court interpreted the phrase "the next regular term" appearing in SDC 34.3304 to mean that if an accused demands a jury trial in municipal court, "the action must be set down for trial at the next regular term and this refers to the regular term succeeding the one at which the demand is made." Such is the common and ordinary understanding of that language. This is pointed out in Schrom v. Cramer, 76 Idaho 1, 275 P.2d 979, wherein the court was construing the identical statutory language involved here, i.e., "at the next term of the court at which he is held to answer". The Idaho Court said: "All the authorities which have been called to our attention hold that the phrase 'the next term of court', as used in the statute, excludes the term of court then current and means the next ensuing term. And they hold such statute requires that an information or indictment must be filed against the defendant not later than the following term of court after his commitment unless good cause to the contrary be shown, and need not be filed during the current term of court." Any

construction to the contrary is strained, unnatural, and artificial. Accordingly, under SDC 1960 Supp. 34.2201, when a person is held to answer for a public offense during the pendency of a term of circuit court an information may be filed against him. It is not obligatory to do so. However, an information must be filed at the next succeeding term and if not so filed the court must order the prosecution dismissed, unless good cause to the contrary is shown. In the present action the State was therefore not obligated to file an information against defendants during the pending January 1961 term of circuit court. In full compliance with our statute an information was filed against defendants at the commencement of the succeeding May 1961 term. To avoid further speculation as to the efficacy of expressions to the contrary appearing in Colvin v. Callahan, 46 S.D. 221, 191 N.W. 948, the same are now expressly overruled.

■ Defendants' constitutional rights to a speedy trial were not otherwise denied or violated. Such right does not require a trial immediately after arrest or commitment. The right to a speedy trial is a relative term which must be determined in the light of circumstances surrounding each particular case. State v. Werner, 78 S.D. 562, 105 N.W. 2d 668. It necessarily secures rights to an accused. It does not, however, preclude rights of public protection and "should not operate to deprive the state of a reasonable opportunity of fairly prosecuting criminal actions." State v. Violett, 79 S.D. 292, 111 N.W.2d 598.

After being arrested defendants were taken to police headquarters where they were separately questioned. Between 8:00 and 9:00 o'clock that morning Zimmerman orally confessed that he and Fogg committed the burglary and detailed how the crime was committed and what was taken. About 11:30 defendants were returned to their cells for feeding. After dinner Zimmerman's confession was reduced to writing. Although advised it was not necessary to give such a statement Zimmerman read and signed the same. Defendants contend such confessions were involuntary as

a matter of law because Zimmerman had been drinking before his arrest, he was tired, and was not advised of his right to remain silent or of his right to counsel in advance of interrogation by the police.

■ Substantially the same contentions were considered and fully discussed by this court in the recent case of State v. Hinz, 78 S.D. 442, 103 N.W.2d 656. The procedure suggested therein relative to confessions was precisely followed by the trial judge here. That is, when defendants objected to evidence relative to the confessions the trial judge conducted a preliminary examination of all facts surrounding the making of the same outside the presence of the jury. The ultimate issue as to whether the confessions were voluntarily given was then submitted to the jury under proper instructions. We find no error in this regard.

■ ■ Although a voluntary confession is not rendered inadmissible because the accused is not cautioned it may be used against him or advised of his right to remain silent and of his right to counsel in advance of police interrogation such practice is one to be commended. State v. Hinz, 78 S.D. 442, 103 N.W.2d 656; State v. Pierce, 4 N.J. 252, 72 A.2d 305; State v. Worthy, S.C., 123 S.E.2d 835. The absence of caution or warning, together with other circumstances, may render the confession inadmissible. 23 C.J.S. Criminal Law § 822, p. 205. On the other hand, the giving of such warning and advice is in the spirit of fundamental fairness essential to justice. It is an important evidentiary factor to be considered in determining the voluntary character of any confession. If given, it furnishes valuable insulation against subsequent challenge.

■ The trial court further allowed the State to introduce evidence showing that the defendant Fogg remained silent when confronted with Zimmerman's confession which was repeated in his presence. Fogg contends such evidence was inadmissible as an inference of guilt because he was under arrest and in custody at the time. Some courts so hold on the theory that for one accused

silence is the best policy to follow while in police custody or after arrest. Under those circumstances an accused is not called upon to speak or deny accusatory statements made in his presence. There is a great divergence of authority as to the admissibility of such evidence however. For a discussion on the subject and collection of cases see Annotations in 80 A.L.R. 1235 and 115 A.L.R. 1517. We see no sound reason for departing from the general rule in this regard. That is, where one accused of crime is free to speak and remains silent his unexplained failure to speak or deny accusations made in his presence is admissible in evidence against him as an implied admission of guilt. The mere fact of arrest or detention does not per se render such evidence inadmissible but arrest or detention are factors to be weighed and considered in determining whether, under the circumstances, the accused was called upon to speak or deny the accusations. State v. Guffey, 39 S.D. 84, 163 N.W. 679; State v. Ryan, 47 S.D. 596, 200 N.W. 1018. Therefore, in our opinion the trial court properly allowed the jury to hear and consider such evidence under appropriate instructions.

■ In response to defendants' final contention we find the evidence amply sustains the verdicts. In addition to all the other evidence Bertha Fogg, a sister of the defendant Fogg, and Kenneth Williams testified for the State. According to the testimony of Bertha Fogg she went to the Buffalo Bar the night of the burglary with her brother and Kenneth Williams. About midnight the party adjourned to Harold's Tavern and about 2:00 o'clock they went to the Jet Club and were joined by the defendant Zimmerman. Shortly thereafter the two defendants left the group for a short period of time. They returned with some whiskey which they said was obtained by breaking into the Buffalo Bar. Kenneth Williams substantiated the above facts and further testified he left the party at Ray's Drive Inn between 3:00 and 4:00 a. m. Later in the morning he talked with defendants in their jail cell at which time both told him they had taken a tire iron out of his car and

584

used it to break into the Buffalo Bar from which they took some cigarettes and whiskey.

The judgments are affirmed.

BIEGELMEIER, J., concurs.

RENTTO, P. J., and ROBERTS and SMITH, JJ., concur specially.

SMITH, J., (concurring specially). I concur in the foregoing opinion excepting the paragraph thereof which would operate to overrule Colvin v. Callahan, 46 S.D. 221, 191 N.W. 948, and to reconstrue SDC 1960 Supp. 34.2201.

 Whether, under the circumstances of a particular case, a defendant has been deprived of a speedy trial guaranteed by § 7, Art. VI of the Constitution of South Dakota is a judicial question. State v. Violett, 79 S.D. 292, 111 N.W.2d 598. A legislature may exceed its powers and encounter this provision of the constitution in saying a trial is speedy if held within a certain time and under described conditions. Of course, in regulating criminal procedure it can provide for dismissal of a prosecution if an information be not filed within a prescribed time. State v. LeFlohic, 127 Minn. 505, 150 N.W. 171; 22A C.J.S. Criminal Law § 467(4), p. 30. Terms of circuit court in most of our counties are opened at six-month intervals. To await the next term may involve months of unreasonable delay. I am not prepared to say that the constitution contemplates so much delay in criminal prosecutions under any and all circumstances. I prefer to adhere to the rule of the Colvin case because no such automatic delays, without cause, are thereby invited. Further, I am impelled to presume that the legislature intended the Colvin construction of the cited statute because it subsequently reenacted it without change as SDC 34.2201 of the 1939 Code. Smiley v. Armstrong, 66 S.D. 31, 278 N.W. 21; and Stewart v. Rapid City, 48 S.D. 554, 205 N.W. 654.

In my opinion, in dealing with similar, but somewhat different language, in the context of statutes dealing with

municipal courts, and terms of court opened at intervals of but thirty days, in the case of State v. Smith, 70 S.D. 402, 18 N.W.2d 246, this court did not intend to recede from Colvin v. Callahan.

 Although counsel for defendant made repeated demands of the state's attorney that he file an information forthwith, he failed to seek the aid of the court in enforcing the right of his client. In State v. Violett, 79 S.D. 292, 111 N.W.2d 598 at 603, it was written:

> "We adhere to the view that a defendant waives his right to a speedy trial under the constitution and statutes in aid thereof if he does not resist postponement or move to bring his case on for trial."

As foreshadowed by that decision, I am of the view we should now hold that because this defendant failed to seek the aid of the court in enforcing his right, he is not now in position to assert he was denied a speedy trial. A different rule would permit astute counsel to employ these solicitous provisions as offensive weapons. State v. McTague, 173 Minn. 153, 216 N.W. 787. Hence, I concur in the affirmance of the judgment of the trial court.

I am authorized to say that RENTTO, P. J., and ROBERTS, J., concur in the views I have expressed.