CITY OF SIOUX FALLS, Respondent, v.
FANEBUST, Appellant
(29 N. W.2d 472.)

(File No. 8914. Opinion filed November 6, 1947.)

**Lacey & Perry** of Sioux Falls, for Appellant.

**Roy D. Burns** and **Gene E. Pruitt,** both of Sioux Falls, for Respondent.

PER CURIAM.

The defendant was convicted of public intoxication in violation of an ordinance of the city of Sioux Falls. At the time of his arraignment before the municipal court he entered a plea of not guilty and demanded a jury trial. This was done on December 3rd, the first day of the December term of that court. The court set the case for trial on December 12th, being a day of the December term. At the time of his arraignment and again at the time of the trial, defendant objected to the calling of the case for trial on the 12th of December for the reason that if the rules of criminal procedure apply, the case should have been set for the January term under SDC 34.3304, and if the rules of civil procedure apply, no notice of trial had been served as required by SDC 33.1110. The objection was overruled, and the defendant and his attorney refused to participate. The jury found the defendant guilty and he was sentenced to pay a fine of $300 and to serve six months in the Minnehaha County jail, provided that the last three months of

the jail sentence be suspended on condition of defendant's good behavior. A motion for new trial was made and denied. The appeal is from the judgment and the order overruling the motion for a new trial.

It is the contention of defendant that SDC 34.3304 governs in prosecutions in a municipal court under a municipal ordinance, and that under the pronouncement of this court in State v. Smith, 70 S. D. 402, 18 N. W.2d 246, the case should have been set for trial at the January 1947 term of the municipal court. The cited section reads in part as follows: "When a jury is demanded for trial of a criminal action in municipal court, the action shall be tried at the next regular term of court, unless for good cause shown the trial be postponed by order of the court." In the cited case it was held that the section refers to the regular term of court succeeding the one at which the demand for a jury trial is made.

As an alternative, the defendant contends that if the above cited provision does not apply, the rules of civil procedure, which require a written notice of trial (cf. SDC 33.1110 and 33.2802), must control. No such notice had been served.

The city takes the position that the legislature has failed to provide a procedure for fixing the time of trial of prosecutions under a municipal ordinance in municipal court, and that the trial court may exercise a judicial discretion in fixing the time of trial.

These contentions have been considered in the light of SDC 32.0919, 34.2904, and 34.3301 et seq., and of sections 4459 to 4468 of the Rev. Code of 1919. Three of the judges agree that SDC 34.3304 as construed in State v. Smith, supra, is applicable to a prosecution under an ordinance providing for a fine of $500 and imprisonment for six months. However, they are unable to agree upon the reasons which support their conclusions. Two of the judges agree that SDC 34.3304 is without application under the facts stated. Therefore, the cause must be reversed without opinion.

The judgment and order of the trial court are reversed.