**James Michael AVERBECK, Appellant,**

v.

**STATE of Minnesota, Respondent,**

**Robert Fletcher, Sheriff of Ramsey County, Respondent.**

**No. A10–430.**

Court of Appeals of Minnesota.

Dec. 7, 2010.

Kirk M. Anderson, Adkins & Anderson, Chartered, Minneapolis, MN, for appellant.

Lori A. Swanson, Attorney General, St. Paul, MN, for respondent.

Susan Gaertner, Ramsey County Attorney, Edward Kaiser, Assistant County Attorney, St. Paul, MN, for respondent-Robert Fletcher.

Considered and decided by
KLAPHAKE, Presiding Judge;
HALBROOKS, Judge; and CONNOLLY, Judge.

## OPINION

CONNOLLY, Judge.

Appellant, who is subject to a statutory lifetime ban on his right to possess firearms, served and filed a petition to restore that right. He challenges the district court's denial of his petition. We affirm.

## FACTS

In 1991, appellant James Averbeck was arrested after hitting an individual in the face and breaking his nose. Appellant was charged with felony third-degree assault, a crime of violence under Minn.Stat. § 624.712, subd. 5 (2008); a jury found him guilty. He received a stay of imposition of sentence and was placed on probation for five years; he was discharged from probation in 1994.

In 2003, the legislature provided that any person convicted of a crime of violence and discharged from sentence or court supervision after August 1, 1993, would be subject to a lifetime ban on possessing or receiving a firearm. *See* Minn.Stat. § 624.713, subd. 1 (2008); 2003 Minn. Laws ch. 28, art. 3, § 8, at 430. Appellant was therefore subject to the lifetime ban and petitioned to restore his right to possess a firearm.

## ISSUE

Did the district court abuse its discretion in denying appellant's petition?

## ANALYSIS

■ When a petition to restore the right to possess a firearm is received, "[t]he court *may* grant the relief sought if the [petitioner] shows good cause to do so ..." Minn.Stat. § 609.165, subd. 1d (emphasis added).[1] Whether the petitioner shows good cause is a mixed question of fact (what the petitioner shows) and law (whether the showing amounts to good cause). *See Peterson v. Nw. Airlines, Inc.,* 753 N.W.2d 771, 774 (Minn.App.2008) (holding that whether employee committed a particular act is question of fact, but whether act committed by employee con-

---

1. It is undisputed that appellant meets the other requirement for restoration of the right to possess a firearm: he has been released

from physical confinement. *See* Minn.Stat. § 609.165, subd. 1d.

stitutes employment misconduct is question of law) *review denied* (Minn. Oct. 1, 2008). In reviewing a mixed question of fact and law, this court defers to the district court's factual findings unless they are clearly erroneous, but does not defer to the district court's decision on a legal issue. *Porch v. Gen. Motors Acceptance Corp.*, 642 N.W.2d 473, 477 (Minn.App. 2002) *review denied* (Minn. June 26, 2002).

■ If the petitioner shows good cause, the district court has discretion to grant or deny the petition. *See* Minn.Stat. § 645.44, subd. 15 (2008) ("'May' is permissive.").[2] This district court's decision is therefore reviewed for an abuse of discretion. *See Porch*, 642 N.W.2d at 477 (holding that we "accord the [district] court discretion in its ultimate conclusions and review such conclusions under an abuse of discretion standard").

■ The term "good cause" is not defined in Minn.Stat. § 609.02 (2008) (defining terms used in the criminal context), but it is defined, in the context of public assistance, as "a reason for taking an action or failing to take an action that is reasonable and justified when viewed in the context of surrounding circumstances." (Minn.Stat. § 256D.35, subd. 8d) (2008); *see also Black's Law Dictionary* 251 (9th ed.2009) (defining "good cause" as "a legally sufficient reason" or "the burden placed on a litigant ... to show why a request should be granted or an action excused.") Thus, good cause is a reason for taking an action that, in legal terms, is legally sufficient, and, in ordinary terms, is justified in the context of surrounding circumstances.

■ Minn.Stat. § 609.165, subd. 1a (2008) (prohibiting those convicted of

crimes from possessing a firearm) is "a measure designed to protect the public safety by keeping firearms out of the hands of convicted criminals who have committed crimes which, in the legislature's judgment, are indications of future dangerousness." *State v. Moon*, 463 N.W.2d 517, 520 (Minn.1990). Thus, the most significant surrounding circumstance in the context of restoring the right to possess firearms is the interest in public safety, and the district court acknowledged that its duty was to weigh "public safety concerns ... against the private interest of [appellant] ..." as is done with expungement petitions. Appellant argues that this "private versus public benefit analysis" is "irrelevant to this context" but, in light of the purpose of Minn.Stat. § 609.165 as set out in *Moon*, we conclude that the analysis is highly relevant.

The district court rejected each of appellant's three arguments to establish "good cause" in light of their potential effect on public safety. Appellant argued first that a lifetime ban for a single incident 19 years ago is unjust. But that one incident was a felony offense that involved substantial bodily harm to the victim, and the district court found that appellant had a "lack of remorse and [only] qualified acceptance of the jury verdict in his assault case[.]" The record supports this finding: appellant evinced no remorse for the victim's suffering. He answered "yes" when asked if he believed the verdict was wrong; and he denied hitting the victim in the face. Even after 19 years and despite the jury's verdict, appellant does not acknowledge, much less show regret, that he caused substantial bodily harm.

2. Had the legislature wished to make granting the petitions of petitioners who show good cause mandatory, it could have done so using language such as "The court must grant the relief sought if the person shows good cause to do so." *See* Minn.Stat. § 645.44, subd. 15a (2008) ("'Must' is mandatory.").

Appellant also argued that he needs a gun to handle situations arising in his part-time job as a process server and testified about being on a motorcycle ride with a group that was stopped by a road block and sued the gang task force. The district court concluded that "[appellant's] professional and personal life continue to put him in emotionally charged situations in which the presence of firearms could escalate risks in already dangerous circumstances" and that "the safest course for both [appellant] and the general public would appear to be to continue to restrict his access to firearms." We agree.

Finally, appellant argued that his inability to possess a firearm interferes not only with his ability to go hunting with family and friends but also with his employment prospects as a private investigator. But he has not yet applied to become a private investigator, and he offered no authoritative source for his view that he needs to be able to possess a firearm to do so. The district court noted that appellant's testimony on the issue "was not corroborated by a neutral source and lacked sufficient specificity to be probative."

The district court's conclusion that appellant did not show good cause to restore his right to possess a firearm was not an abuse of discretion.

Moreover, even if the district court had determined that appellant showed good cause, there was reason to deny his petition. The district court did not abuse its discretion in observing that "to overcome clear legislative presumptions against the possession of firearms by persons convicted of serious crimes, the Court needs a significant level of comfort with respect to the maturity of judgment in those seeking a restoration of firearm rights. The Court does not have that level of comfort in this case."

## DECISION

The district court did not abuse its discretion in denying appellant's petition to restore his right to possess a firearm under Minn.Stat. § 609.165, subd. 1d, on the ground that the interest of public safety outweighs any showing of good cause.

**Affirmed.**

