*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0523**

In re the Matter of the Judicial Restoration of
Chad Thomas Christian's Ability to Possess and
Otherwise Deal with Firearms

**Filed March 16, 2015
Affirmed
Chutich, Judge**

Ramsey County District Court
File No. 62-CV-13-7028

Thomas A. Wilson, Wilson Law Firm P.L.L.C., St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Chad Christian challenges the district court's denial of his petition to restore his right to possess firearms. He argues that the district court abused its discretion because its decision was unreasonable and against the facts in the record. Because the district court did not clearly err when it concluded that Christian failed to show good cause for relief and because it acted within its broad discretion in denying his petition, we affirm.

# FACTS

In 1994, Christian pleaded guilty to three felony charges in California—burglary, grand theft, and sexual intercourse with a minor under 18. After serving his sentence, Christian moved to Minnesota in 1996.

In September 2013, he petitioned the district court to restore his firearm rights. *See* Minn. Stat. § 609.165, subdivision 1d (2014). In his petition, Christian argued that his ability to possess firearms should be restored to (1) hunt with his family and participate in recreational shooting activities; (2) inherit family heirloom firearms; (3) be eligible for a position with Federal Cartridge, an ammunition manufacturer in Anoka; and (4) protect his family, home, and property.

Christian also argued that the district court had good cause to grant his petition because (1) he is not a dangerous or violent person and his prior offenses did not involve actual violence; (2) his offenses were isolated incidents that occurred 19 years ago, and he has no criminal convictions since; and (3) he has made positive changes in his life—including 14 years of sobriety—that demonstrate his rehabilitation and show that he is not a threat to public safety. Ten of Christian's friends, co-workers, and family members also submitted affidavits attesting to his good character.

The district court denied Christian's petition. It determined that he failed to show good cause because his private interest in restoring his firearm rights did not outweigh public safety concerns. The district court was specifically concerned that Christian's "severe past criminal history," meant that he "may pose a threat to public safety with restored firearm[] rights." Christian appealed.

**D E C I S I O N**

Minnesota law prohibits persons who have been convicted of a crime of violence from shipping, transporting, possessing, or receiving a firearm for the lifetime of that person. Minn. Stat. § 609.165, subd. 1a (2014). Before 2003, a person convicted of a crime of violence was ineligible to possess a firearm for ten years. Minn. Stat. § 609.165, subd. 1a (2002). In 2003, the legislature extended the ban to "lifetime" for any person discharged from sentence or court supervision after August 1, 1993. 2003 Minn. Laws ch. 28, art. 3, §§ 3 at 291; 8 at 296. This lifetime ban applies to Christian.

Despite the presumed lifetime ban, a person convicted of a crime of violence can petition the district court to restore his firearm rights. Minn. Stat. § 609.165, subd. 1d. When the district court receives a petition, it "*may* grant the relief sought if the [petitioner] shows good cause to do so and the [petitioner] has been released from physical confinement." *Id.* (emphasis added). If the petition is denied, the petitioner must wait three years before re-filing, unless the district court provides otherwise. *Id.*

In *Averbeck v. State,* we defined good cause as "a reason for taking an action that, in legal terms, is legally sufficient, and, in ordinary terms, is justified in the context of surrounding circumstances." 791 N.W.2d 559, 561 (Minn. App. 2010). We also concluded that when a district court examines the "context of surrounding circumstances," public safety is of paramount concern and to show good cause, a petitioner's private interest in restoring his firearm rights must outweigh the public safety interest. *Id.*

3

Whether the petitioner has shown good cause is a mixed question of law and fact, and we review the district court's conclusions of law de novo and its factual findings for clear error. *Id.* at 560-61. But even when a petitioner shows good cause, the district court retains the discretion to grant or deny the petition. *See* Minn. Stat. § 609.165, subd. 1d. We therefore review the district court's decision for an abuse of discretion. *Averbeck*, 791 N.W.2d at 561.

Because *Averbeck* is the only published decision from this court regarding the restoration of firearm rights, a brief overview of it is instructive here. The petitioner in *Averbeck* had been convicted of third-degree felony assault 19 years before filing his petition. *Id.* at 560. He argued that three good cause reasons existed to restore his firearm rights: (1) a lifetime ban was unjust; (2) he needed a gun to "handle situations" as a part-time process server; and (3) his inability to possess a firearm interfered with his desire to pursue a job as a private investigator and hunt with family and friends. *Id.* at 561-62. The district court denied his petition. *Id.* at 561.

We affirmed, concluding that the lifetime ban was just given petitioner's violent crime and his lack of remorse for causing the victim substantial bodily harm. *Id.* We also questioned the petitioner's intent to carry a gun as a process server and restated one of the district court's main concerns—that the petitioner's "professional and personal life continue to put him in emotionally charged situations in which the presence of firearms could escalate risks in already dangerous circumstances." *Id.* at 562 (quotation omitted). We were similarly unpersuaded that the petitioner's employment reason showed good cause because "he ha[d] not yet applied to become a private investigator" and "offered no

4

authoritative source for his view that he needs to be able to possess a firearm to do so."
*Id.*

### Good Cause

Christian contends that he has shown good cause to restore his firearm rights because 19 years have passed since his convictions; his convictions were for non-violent offenses; he has prospective employment at Federal Cartridge; he could expand his small business; he wants to hunt and shoot recreationally; he wants to inherit family heirloom firearms; and he wants to protect his family, home, and property.

Good cause is more than just a reason, it is a *substantial* reason. *State v. McTague*, 173 Minn. 153, 154, 216 N.W. 787, 788 (1927). And in the context of firearm restoration petitions, good cause must be "justified in the context of surrounding circumstances." *Averbeck*, 791 N.W.2d at 561. Accordingly, we cannot say that the district court erred in determining that Christian's arguments failed to show good cause under the circumstances here.

We recognize that almost two decades have passed since Christian's convictions. But the Minnesota Legislature implemented a *lifetime* ban on the possession of firearms for persons convicted of a qualifying violent crime, and when measured by the length of a typical lifetime, 19 years falls well short. While 19 years may be a sufficient period of time in which to demonstrate rehabilitation, the passage of the same amount of time did not automatically merit relief in *Averbeck*. 791 N.W.2d at 561.

We further acknowledge that Christian has had no further trouble with the law, and his convictions did not involve actual violence. The legislature, however,

5

purposefully classified Christian's convictions as "crimes of violence" without regard to the individual circumstances of the crime. *See* Minn. Stat. § 624.712, subd. 5 (2014). And Christian pleaded guilty to not one but three crimes that qualify as crimes of violence under the statute. *See id.*

As to Christian's employment reasons, no neutral third source can corroborate his projections for increased revenue in his small business, and similar to *Averbeck*, the record[1] does not show that Christian needs to handle a gun to work for Federal Cartridge or that he would be employed if his firearm rights were restored. *See Averbeck*, 791 N.W.2d at 562. Christian's concern about inheritance is prospective, and in the 19 years since his convictions, a firearm has not proven essential to protect his family, home, and property. A firearm is also not necessary for Christian to hunt: he is an archer. Admittedly, archery limits Christian's participation in firearm-specific hunting and sport shooting, but he can still hunt. Accordingly, we conclude that the district court did not clearly err in determining that Christian failed to show good cause to restore his right to possess firearms.

### *Abuse of Discretion*

Christian further argues that the district court's decision was an abuse of discretion because it was unreasonable and against the facts in the record. For all of the reasons discussed above, we conclude that the district court did not abuse its discretion here. To

---

[1] One of Christian's affiants stated that: "the real reason [Christian] wishes to have these rights restored is so he may accept a very good job that was offered to him at [Federal Cartrige]." But this evidence does not show that Christian had a job waiting at Federal Cartridge: the affiant was a friend and co-worker at Olympic Steel.

be sure, the passage of time and Christian's clean criminal history after his convictions are strong arguments that weigh in favor of granting his petition. The ten affidavits from family and friends also support Christian's claims that he has made positive life changes and is an asset to his community.

But a person convicted of a crime of violence is subject to a *lifetime* ban on possessing and otherwise using firearms—a ban that the Minnesota Legislature purposefully extended from ten years to a lifetime. Minn. Stat. § 609.165, subd. 1a. Most importantly, the legislature granted the district court broad discretion to grant or deny a petition *regardless* of whether a petitioner shows good cause. *See* Minn. Stat. § 609.165, subd. 1d (stating that the district court *may* grant relief if petitioner shows good cause). When the district court has such broad discretion, and its decision has "an acceptable basis in fact and principle," we will affirm "even though we might have taken a different approach." *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002).

In sum, after carefully examining the totality of Christian's good cause arguments, we conclude that the district court did not abuse its broad discretion when it denied his petition.

**Affirmed.**